THE STATE OF NEBRASKA, EX REL. JOHN T. JONES, V. ROBERT B. GRAHAM.

**Constitutional Law:** SALE OF TAX CERTIFICATES. Under the constitution of this state requiring all taxes to be levied upon property so that each person shall pay his just proportion of the same, and prohibiting the legislature from releasing any of such taxes or commuting the same in any manner whatever, the legislature has no power whatever to authorize county commissioners to sell and assign certificates of tax sales of real estate purchased by the county for less than the amount of taxes due thereon, where the property if sold will bring the full amount of such taxes.

ORIGINAL application for mandamus to compel payment of taxes collected by the respondent as county treasurer.

*Charles O. Whedon* and *A. C. Ricketts*, for relator.

*Harwood, Ames & Kelly*, for respondent.

MAXWELL, J.

The relator is the treasurer of the city of Lincoln, and the defendant the treasurer of Lancaster county. In May, 1884, the treasurer of Lancaster county sold lot 10, in block 13, in South Lincoln, to Lancaster county, for the delinquent taxes of every kind due thereon, and executed a certificate of purchase to said county. On or about the ninth day of September, 1884, the county commissioners sold and assigned the certificate to C. W. Coffyn for fifty and one-half per cent of the face value thereof. On the twenty-sixth of September, 1884, the owner of the lot redeemed the same from tax sale by paying all the taxes due thereon, with interest, penalties, and costs. Of the amount thus paid, the sum of $20.88 was for delinquent taxes and interest thereon due the city of Lincoln. The relator thereupon demanded said sum of the defendant, who refused to

pay the same to him, for the reason that it belongs to Coffyn under the assignment.

That county commissioners may purchase real estate upon which the county has a lien for taxes, after such real estate has been offered for sale and not sold for want of bidders is now well settled in this court,* but the relator denies their authority to assign the certificate of purchase for one-half of the face value. [Comp. Stat., chap. 77, art. III., sec. 2.] The relator also questions the validity of the act authorizing the assignment of tax certificates by a county, for want of a sufficient title. Without entering into a discussion of the question of the title of the act, we think the provisions of the statute transcend the power of the legislature.

Section 1, article IX., of the constitution, reads as follows:

"The legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her, or its property and franchises, the value to be ascertained in such manner as the legislature shall direct, and it shall have the power to tax peddlers, auctioneers, brokers, hawkers, commission merchants, showmen, jugglers, inn-keepers, liquor dealers, toll bridges, ferries, insurance, telegraph, and express interests or business, venders of patents, in such manner as it shall direct by general law, uniform as to the class upon which it operates."

Section 4 provides that "the legislature shall have no power to release or discharge any county, city, township, town, or district whatever, or the inhabitants thereof, or any corporation, or the property therein, from their or its proportionate share of taxes to be levied for state purposes, or due any municipal corporation, nor shall commutation for such taxes be authorized in *any form* whatever."

---

* *Shelley v. Towle,* 16 Neb., 194.   *Otoe County v. Brown,* Id., 394.

Revenue is to be provided by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to his, her, or its property and franchises, and the legislature shall have no power to release any county, city, etc., or the inhabitants thereof, from their proportionate share, nor shall commutation be authorized in any form. Stronger language could scarcely be used. In effect, the constitution guarantees to every property owner in the state that his property shall be liable for the just proportion of taxes due thereon according to the valuation as ascertained by law, and for no more. It deprives the legislature of the power to add to this amount or to discriminate between taxpayers in any manner or form.

Now, what the legislature cannot do directly, it cannot do indirectly. If it cannot say to A, you must pay the entire taxes levied upon your property, and to B, you need pay but fifty per cent of the amount thus levied, it cannot accomplish by indirection what it is prohibited expressly from doing. It is not the policy of the law to encourage the opening of a broker's shop at the place of business of every board of county commissioners by authorizing them, where the property is of value equal to the taxes due thereon, to receive less than the amount thereof. Such practice, if sanctioned, would lead to favoritism and fraud, and practically nullify the constitutional provisions. If the property will not sell for sufficient to pay the delinquent taxes due thereon—an extreme case—it is possible the legislature may possess the power to authorize the sale for less than the taxes due. But that question is not before the court.

Suppose A has yearly paid his taxes in full. His neighbor, B, who has valuable property adjoining that of A, fails to pay his taxes, as in this case, for twelve years, when the county purchases the property for the delinquent taxes due thereon, and soon thereafter assigns the certificate to a convenient friend of B for one-half of the amount of taxes due on the property. The other fifty per cent is to be

made up by levying again on all the property in the county and city, including that of A and those who have already paid their taxes in full. Such procedure not only deprives those who have fully paid their taxes of the constitutional guaranty that taxes shall be levied equally on all property, so that that of each person shall pay its just proportion, but offers a premium to every taxpayer to evade the payment of taxes. It is very clear that the legislature possesses no such power, and the assignment in the case under consideration is a nullity; but the assignee is entitled to have the money so paid by him refunded with interest. A writ of mandamus will issue as prayed.

JUDGMENT ACCORDINGLY.

THE other judges concur.