### P. M. OLLIVIER ET AL. v. CITY OF HOUSTON.

Decided November 1, 1899.

1. **Constitutional Law—Municipal Taxation—Remission of Taxes—Limitations.**

Under article 3, section 55, of the Constitution, denying to the Legislature power to extinguish any indebtedness due to the State or to any county or municipal corporation therein, a legislative amendment of a city charter authorizing a delinquent taxpayer to plead limitations of four years to any suit by the city for taxes due it, whether such suit be then pending or thereafter brought, is invalid in so far as it affects suits pending when it took effect, as being practically a remission of such taxes. PLEASANTS, Associate Justice, dissenting.

2. **Same—Municipal Corporation May Raise Question of Legislative Power.**

In an action by a city to collect delinquent taxes it may urge the unconstitutionality of a legislative amendment of its charter authorizing the defendant to plead limitations therein.

APPEAL from Harris. Tried below before Hon. WILLIAM H. WILSON.

*Bullitt & Lewis* and *Joe M. Sam,* for appellants.

*John S. Stewart,* for appellee.

GILL, ASSOCIATE JUSTICE.—This suit was instituted on February 13, 1899, in the District Court of Harris County, by appellee, the city of Houston, against M. P. Ollivier and his codefendants (appellants here) to recover for taxes levied by said city for the years 1892 and 1893, and to foreclose the lien therefor upon certain lands situate in said city. The defendants answered by general denial and by plea of limitation of four years. At the date of the institution of the suit the taxes sued for had been due for more than four years, but from a date prior to the levy until May, 1899, cities were exempt from the operation of the statute of limitation.

The plea was interposed under the provision in the amendment to section 40 of the charter of the city of Houston, which took effect in May, 1899, and permitted such plea to be urged as to suits instituted prior to such date and pending at the date when it went into effect. The

appellee is a municipal corporation with a population exceeding 10,000, and operating under a special charter. In this suit the constitutionality of the law was assailed by the city in so far as it affected pending suits, and the trial court held the law unconstitutional and rendered judgment for appellee.

Appellants have perfected this appeal, and the assignments of error present the one question of the validity of the law.

It was admitted that the taxes sued for were duly and legally "laid, levied, and assessed," and became due in the years 1892 and 1893. It was shown that they became a lien upon the property sought to be subjected, and were unpaid at the date of the judgment. It was further made to appear that of the tax sought to be collected half was to go into the fund for the support of the city government generally, and the remainder was to become a part of the fund created for the payment of the principal and interest of the city's bonded debt. This latter was shown to have amounted, at the date of the levy and assessment, to more than $1,600,000, and the amount had not been materially reduced at the date of this judgment. About nine-tenths of the property owners of the city had paid their taxes due for the years named, and appellants were among the remaining one-tenth which was delinquent.

The part of the section of the charter in question provides that "any delinquent taxpayer shall have the right to plead the statute of limitations of four years in any suit for taxes alleged to be due the city of Houston, whether such suit has heretofore or may hereafter be brought, and in no case wherein such limitation is pleaded and the taxes sued for or any part thereof are shown to have been due and payable for four years or more before the suit was instituted, shall judgment be rendered for such taxes. * * *"

Other provisions of the charter provide that no property shall be seized and sold for taxes which have been due for four years or more at the time of such seizure, thus taking from the city the power to collect by any means the tax thus shown to be due for four years, and in effect relinquishing the liability for such delinquent tax.

The learned trial judge in a strong opinion holding the law invalid assigned, among other reasons for so holding, (1) that the law is in contravention of section 16, article 1, of the State Constitution prohibiting the passage of retroactive laws; (2) that it is in contravention of section 55, article 3, of the State Constitution, declaring that "the Legislature shall have no power to extinguish in whole or in part the indebtedness, liability, or obligation of any corporation or individual to this State, or to any county or other municipal corporation therein."

This court is unanimously of the opinion that the legislative control over a municipal corporation is such that it can change its charter at will, and control or abolish the powers conferred, and the municipality will not be heard to complain; that the power to levy and collect taxes, when conferred upon a city, is a delegated power, a privilege, in which it acquires no vested right, and such power is always subject to legislative

control, and that a tax due by a citizen to a city is not technically a debt, nor is his obligation to the city to pay it a contract, though the weight of authority is to the effect that the liability is a personal one, and an action of debt can be maintained for its collection. City of Henrietta v. Eustis, 87 Texas, 14, and authorities there cited.

The contention of appellant, that an uncollected tax is not a part of the property of a city, and the Legislature can at will withdraw from the city the power to collect it, and that the law in question does not come within the constitutional inhibition against the passage of retroactive laws, is also believed to be sound, and thus far the propositions urged by appellants are conceded. We are aware that, as to some of these propositions, there is respectable authority to the contrary, but we think the vast weight of authority tends to support them. Many cases are cited in the able briefs of counsel, bearing one way or the other upon the various propositions stated, and they have received careful consideration at our hands. It is regretted that the business of the court will not permit an extended discussion of the interesting questions thus presented. But the appeal will be disposed of with reference to section 55 of article 3 of the Constitution, and we content ourselves with a brief discussion of its bearing upon the law in question.

The inevitable effect of the law under consideration is to extinguish the liability of appellants for the taxes alleged to be due by them, and this, as to pending suits for taxes coming within its provision, was its manifest purpose. Attention is called to the fact that no other city in the State is subject to a like provision.

The power of the Legislature to pass such laws of limitation as may be deemed expedient may not be questioned, nor is it doubted that the power of a municipal corporation to collect a tax already levied may be withdrawn, and the corporation be otherwise permitted to retain its powers and functions, or its existence may be terminated. But in such case the right to collect passes to the State, and such abolition or withdrawal of the power of the corporation does not operate to extinguish the liability for taxes thus due. The State may proceed to collect through other properly appointed agencies, and appropriate the proceeds to the purposes for which they were originally designed. Merriwether v. Garrett, 102 U. S., 472.

In the case before us no power of the city was in this sense withdrawn. Neither the levy nor the purpose of the levy was declared void or in any respect changed. On the other hand, it is provided in the same section of the law, that if for any cause the city council shall fail in any year to levy the taxes theretofore levied for the purpose of liquidating the debts of the city, and for certain other named purposes, the levy of the previous year shall be enforced.

The act, instead of directly destroying or withdrawing some power theretofore granted the city, simply clothes the delinquent taxpayer with the power to defeat legal proceedings rightfully brought under existing law and then rightfully pending against him.

It is contended, however, that the power to remit municipal taxes remains in the Legislature, unimpaired by the Constitution, by reason of the provisions of section 10, article 8, of that instrument, permitting the Legislature to release "the inhabitants of or property in any county, city, or town from payment of taxes for *State or county purposes* in cases of great public calamity in such county, city, or town," and making no provision as to municipal taxes. It is argued that absolute power for the remission of municipal taxes was left in the Legislature by failure to mention them; that instead of conferring a power it was a mere limitation upon a power inherent in that body, and that the power as to municipal corporations remained.

It is further contended that as this is the only utterance in the Constitution upon the question of remission of taxes, section 55 of article 3 must be held not to include, within its inhibitions, liabilities in the nature of taxes. The rule of construction invoked by appellant is conceded to be sound, but is thought to be inapplicable here, and a majority of this court are of opinion that municipal taxes levied but uncollected are a liability on the part of the delinquent, and clearly such a liability as comes within the last cited provision of the Constitution. Indeed, the charter itself in this instance declares the owner of property to be personally liable for the taxes thereon.

By that provision of the Constitution the Legislature is forbidden to pass any law which would "extinguish any liability, indebtedness, or obligation to the State or any county or city," and thereby power to extinguish liability for taxes was denied. The Constitution itself furnishes many evidences of the earnest purpose of its framers to render impossible every form of governmental favoritism. The granting of special privileges, the bestowal of favors, the lightening of the public burdens as to one citizen at the expense of others, is contrary both to its spirit and its letter. So it is declared that taxation shall be equal and uniform. But the force of this provision would be defeated if the power remained to relinquish at will the liability thus justly and fairly fixed. For the prevention of these evils this provision was inserted. Its terms are broad enough to cover every conceivable obligation or liability, the remission of which would diminish the public revenue and thereby either directly or indirectly impose a heavier tax upon those not affected by the exemption. In the light of the sweeping effect of this provision it was seen that in case of great public calamity in particular sections or subdivisions of the State, the power should rest in some department of the government to grant relief. To this end section 10 of article 8 was inserted, the exercise of the power being expressly limited to the circumstances which should call it into action.

The difficulty of formulating tax laws which may surely accomplish the equal distribution of the burdens of government seems to have been fully realized by the framers of the instrument embodying our organic law, and therefore the citizen is hedged about with provisions safeguarding him against the abuse of the taxing power. For these reasons

the contention of appellant, that the power rests in the Legislature to extinguish the liability of a citizen of a municipal corporation for taxes levied and assessed in a case where the vast majority of his fellow citizens have paid their part of the taxes thus levied, seems inconsistent with the spirit of our institutions and utterly untenable from any point of view.

But is urged that the law in question, while it may operate to extinguish the liability of the citizen, is, after all, but a law fixing the limitation of actions, and that its incidental effect upon such cases as the one before us does not affect its validity. That a power can not be exercised incidentally or by indirection which could not be directly exercised, is elementary. The effect of the act is to relinquish liability. The purpose to accomplish that end is manifest. The ordinary effect of changes in the law of limitation is not to extinguish any right or liability, but to limit the time within which it may be enforced. The right may be lost or the liability extinguished by delay or negligence, but such result is not chargeable to the law. So, in this instance, if the city were required to sue hereafter within a prescribed time, the validity of the act would be beyond question. But as the matter is presented, the city had already undertaken, within a time permitted by the then existing law, to enforce the collection of these taxes. The liability was existent and the rights thereunder unimpaired when the act took effect. No opportunity was given to the city to proceed with its remedy. The result was the effectual exemption of the property of appellants from taxation for the years named. The character and amount of property exempt from taxation is fixed by the Constitution and can not be increased or extended by legislative acts. Const., secs. 1, 2, art. 8.

Of course this court understands that no purpose existed on the part of the law-making body to bestow favors or to make distinctions. The general purpose of the act was doubtless to hasten rather than retard the collection of public revenue, and its effect will doubtless be to clear the dockets of tax suits and spur tax collectors to prompt action. The act has been discussed from the standpoint of its effect upon this class of cases alone, and in so far as it would have the effect of defeating actions pending at the time it became effective, it is held to be unconstitutional.

The power of the city to raise the question of legislative power is questioned by appellants, though the law should properly be held to be in contravention of the Constitution. To this we deem it a sufficient answer to say, that if we are correct in our construction of the scope and meaning of section 55, article 8, then to deny to a city or a county the right to raise the question, when a taxpayer seeks protection behind an invalid law, would be to render the constitutional provision nugatory. The provision is not for the benefit of creditors of such corporation, and if the right to invoke it does not rest in the corporation, it can not be invoked at all.

The judgment is affirmed.

*Affirmed.*

DISSENTING OPINION OF ASSOCIATE JUSTICE H. CLAY PLEASANTS.

I respectfully dissent from the opinion rendered in this case by a majority of the court, which holds that the amendment to the charter of the city of Huston, by act of the Legislature, which took effect in May, 1899, is in conflict with section 55, article 3, of the State Constitution, which prohibits the Legislature from extinguishing in whole or in part the indebtedness, liability, or obligation of any corporation or individual to this State, or to any county or other municipal corporation therein. The act in question does not purport to be an act for the relief of any individual or corporation from any debt due to, or obligation or liability incurred to, the city, but said act simply prohibits the city from enforcing by suit or otherwise the collection of any tax due the city, and which has been due for four years; and in my judgment it is but a rightful exercise of power by the Legislature. An act of the Legislature should not be declared void except when plainly and unmistakably so. Every reasonable presumption must be indulged in support of every legislative act. Whether taxes come within the literal meaning of the language of section 55, article 3, of the Constitution is immaterial. If the Legislature believed that public policy demanded that taxes should be collected by the city within four years after they became due, it was its duty to prohibit their enforced collection after the expiration of that time, and this it might do, although nine-tenths of the citizens of Houston had voluntarily paid like taxes assessed against them for the same years, as were the taxes the enforced collection of which was prohibited. Neither the city nor any of its citizens, nor the creditors of the city, had any vested right in uncollected taxes. The power of the Legislature to levy and collect taxes necessarily carries with it the power to prescribe the mode and manner of collecting, and the time within which the collections shall be made; and such power should not be frittered away by judicial construction. The Constitution must be construed in its entirety, and when this is done, I think that section 55, article 3, can not be interpreted as imposing restrictions upon the Legislature in the exercise of its undoubted power to prescribe a period in which the payment of taxes assessed and levied may be forced. For the reasons here indicated, I think the decision of this court affirming the judgment of the lower court is erroneous.