## McNEAL v. RITTERBUSCH, *County Treasurer, et al.*

No. 896. Opinion Filed July 11, 1911.

(116 Pac. 778.)

1. STATUTES—Evidence—Passage—Enrolled Bill—Effect—Journals —Extrinsic Evidence. An enrolled bill duly signed by the Speaker of the House and by the President of the Senate in the presence of those bodies immediately after the bill has been read publicly at length and the yeas and nays taken thereon and said facts shown by the journals, and later approved by the Governor and deposited in the office of the Secretary of State, is conclusively presumed to have been duly passed by the Legislature, and it is incompetent to prove by said journals, required to be kept by article 5, sec. 30, of the Constitution, or by other evidence, that it did not pass in that form. Nor can the stenographic notes of one of the official reporters, in effect, that the bill did not pass the House, but was indefinitely postponed, be used to contradict said journals.

2. TAXATION—Statutes—Repeal—Retroactive Effect — Taxes Already Assessed. The intent of the act of May 29, 1908 (Laws 1907-08, c. 81, art. 9), was to reach back for a series of years and discover all property which had escaped taxation during that time and bring it under the taxing power. By the act of March 8, 1909 (Laws 1909, c. 38, art. 3), the legislative intent changed and in part repealed said act, and, in effect, declared it to be no longer the intent of the Legislature to discover any property which had escaped taxation prior to the admission of the state into the Union. Construed in pari materia, the latter act was not intended to, and did not, release taxes regularly assessed, and for which a tax warrant had issued pursuant to the former and prior to the approval of the latter act.

(Syllabus by the Court.)

*Error from Superior Court, Logan County; J. M. Sandlin, Judge.*

Action by Elizabeth B. McNeal against Fred W. Ritterbusch, treasurer of Logan county, and others. From an order dissolving a temporary injunction, plaintiff brings error. Affirmed.

*Horace Speed,* for plaintiff in error.

*John Adams,* Co. Atty., for defendants in error.

TURNER, C. J. On March 22, 1909, Elizabeth McNeal, plaintiff in error, sued Fred Ritterbusch, as treasurer of Logan county, the board of county commissioners of Logan county, and

John Mahoney, sheriff of Logan county, in the district court of that county. Her complaint substantially states that she is and has been a citizen of that county for 10 years last past, and during that time paid all taxes assessed against her property; that at no time has she concealed any of her property or made false return thereof for taxation; that at the time said payments were made she was given to understand by the proper taxing officers that the payment made by her for such year was all the taxes due; that defendant Ritterbusch, as treasurer aforesaid, in September, 1908, notified her that she would be assessed on property for each year extending back to the time when she first began paying taxes and including the year 1897; that on January 14, 1909, she paid all her taxes for the year 1908; that thereafter said defendant issued a tax warrant against her for $985 directed to the sheriff of Logan county; that thereafter, on March 8, 1909 (Laws 1909, c. 38, art. 3), the Legislature passed an act amending an act approved May 29, 1908 (Laws 1907-08, c. 81, art. 9), and providing, among other things, that no property should be assessed for any taxes for any year prior to November 16, 1907; that said amended act never passed the Legislature, was never signed or attested by the officers of the House and Senate; that the signatures of the officers thereto were not made during the time the Legislature was in session, but long after its adjournment and after their right so to do had expired; that the bill as it appears in the Session Laws is not authenticated by the officers of the House as having passed, and that therefore said act as printed never became a law; that she does not owe the amount of tax sought to be collected by said warrant, or any part thereof; that the levy of the same would be to her an irreparable injury; that she is without adequate remedy at law, and prayed and was granted a temporary injunction restraining the collection of said tax. For answer defendants pleaded, in effect, (1) that plaintiff had a clear, adequate, and complete remedy at law, in that she might have appealed, as provided by said amended act, to the county court from the action of the treasurer in assessing her omitted property; (2) that the journals of each house of

the Legislature disclosed that said act had been duly passed and that the enrolled bill could not be impeached by parol or extrinsic evidence; (3) that said act of March 8, 1909, was not in force until June 10, 1909, and that the same could not affect assessments made under the prior act by virtue of article 5, §§ 53, 54, of the Constitution. Later the temporary injunction was dissolved on motion of defendants, and plaintiff brings the case here to review the ruling of the court on said motion.

As we have recently held in *Atchison, T. & S. F. R. Co. v. State,* 28 Okla. 94, 113 Pac. 921, in effect, that an enrolled bill, duly signed by the Speaker of the House and by the President of the Senate, in the presence of those bodies, immediately after the bill has been read publicly at length, and later approved by the Governor and deposited in the office of the Secretary of State, as here, is presumed to have been duly passed by the Legislature, and that it is incompetent to prove by the journals of the Legislature that it did not pass in that form, there is nothing in the contention that the enrolled Senate Bill No. 245, as found in the office of the Secretary of State (act approved May 29, 1908), materially differed from the bill actually passed by the Legislature. Nor is any other evidence competent for that purpose. Neither can the stenographic notes of one of the official reporters, in effect that the bill did not pass the House, but was indefinitely postponed, be used to contradict said journals, which show that the bill did pass and give the yea and nay vote on the question of its final passage. The court did not err in taking judicial notice of what constituted the journals required to be kept by article 5, § 30, of the Constitution.

Neither is there anything in the contention that, viewed in the light of the amendatory act (March 8, 1909) and *in pari materia,* the "Legislature by the first act (May 29, 1908) did not intend to have the taxes collected prior to statehood," for the reason that a contrary intent is apparent on the face of said act, concerning which, in *State ex rel. v. McCafferty, County Treasurer,* 25 Okla. 2, 105 Pac. 992, we said:

"Determining that intent in the passage of the acts under

consideration, we believe that of the first to have been to reach back for a series of years and discover all property which had escaped taxation during that time and bring it under the taxing power * * *. (And of the amendatory act): Subsequently the legislative intent changed, and in part repealed that act, thereby, in effect, declaring that it was no longer the intent of the Legislature to discover any property which had escaped taxation prior to the admission of the state into the Union. * * *"

Pursuant to the intent of said amended act and prior to the amendatory act, the record discloses that plaintiff's property, omitted from taxation for a series of years prior to the admission of the state, was, after proper notice served in September, 1908, by the proper taxing officers of the state, on January 14, 1909, assessed for taxation, for those years, in the sum set forth in the tax warrant, the levy of which is sought to be restrained, and the only question left to be decided is whether the act of March 8, 1909, amending the act of May 29, 1908, containing, as it does, no saving clause as to taxes assessed under the former act and prior to its amendment, had the effect of releasing those taxes. If it did, the court erred in dissolving the injunction, otherwise not. That no such intent appears on the face of the act and that said act had no such effect is clear, for the reason that at the time said act took effect the amount expressed in the tax warrant already in the hands of the sheriff constituted a liability from plaintiff to the state. Besides, the Constitution (section 53) provides:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liabilities, or obligations of any corporation, or individual, to this state, or any county or other municipal corporation thereof."

In *City of Louisville v. Louisville Ry. Co.*, 111 Ky. 1, 63 S. W. 14, 98 Am. St. Rep. 387, there was an attempt on the part of the city to release in compromise, after their valid assessment, certain taxes due the city from the railway company. The court said:

"We think it clear from these authorities, under constitutional provisions like our own, even if the provision of section

52 were not plain, that there is no authority given, or could be given, to the general council of appellant to release in whole or part the taxes due from any individual or corporation. * * * We do not mean to hold that an unlimited demand by or against the city cannot be compromised, but we think that, when the liability to the city is fixed, it cannot be relinquished in whole or in part. When the property has been regularly assessed, and the assessment passes from the officer making it, and the claim comes into the hands of the collecting officer, we are clearly of the opinion that the liability is fixed, so that less cannot be accepted in satisfaction thereof."

And in the syllabus:

"Under a constitutional provision that 'the general assembly shall have no power to release, extinguish, in whole or in part, the indebtedness or liability of · any corporation or individual to this commonwealth, or to any county or municipality thereof,' the general council of a city cannot compromise a claim for taxes at less than the amount due after the assessment has been regularly made and the claim has come into the hands of the collecting officer."

To the same effect, construing similar constitutional provisions, see *In re Leland Stanford, Deceased,* 126 Cal. 112, 54 Pac. 259, 58 Pac. 462; *Ollivier et al. v. City of Houston,* 22 Tex. Civ. App. 55, 54 S. W. 940; *State ex rel. Cornell, Auditor, v. Poynter, Governor,* 59 Neb. 417, 81 N. W. 431; *State ex rel. Jones v. Graham,* 17 Neb. 43, 22 N. W. 114.

There being nothing in the amendatory act making the same retroactive for the period prior to statehood, the taxes assessed prior to that time under the amended act, in force when they were levied, are legal and collectible. The rule as laid down in 1 Cooley on Taxation, pp. 499-501, is applicable here, and reads:

"The rule favoring a prospective construction is applicable to statutes which repeal tax laws. Accordingly it is held that where such statute is not made retroactive a tax assessed before the repeal is collectible afterwards; and where taxes are levied under a law which is repealed by a subsequent act, unless it appears clearly that the Legislature intended the repeal to work retrospectively, it will be assumed that it intended the taxes to be collected according to the law in force when they were levied. * * * The repeal cannot, however, affect rights that have be-

come vested under the repealed law; and it is usual to provide in tax revisions and in any change of tax laws for the saving of accrued rights and of pending proceedings."

We are therefore of opinion that the amended act was passed by the Legislature and became a law; that taxes assessed, such as were the taxes in question, under the provisions of that act, were intended to remain unaffected by the amendatory act, and could not have been affected by virtue of section 53 of the Constitution, *supra;* and for that reason said taxes remained a liability due the state and their collection cannot be restrained.

Finding no error in the judgment of the lower court dissolving the temporary injunction, the same is affirmed and the cause remanded to be proceeded with in accordance with this opinion.

All the Justices concur.