FRED TIEDT and Others v. VILLAGE OF ARGYLE and Others.[1]

April 30, 1915.

Nos. 19,279—(167).

**Street — petition for vacation.**

1. Under a statute which provides that "on petition of a majority of the owners of land abutting on any street  *  *  *  or any part thereof, in any village, the council may  *  *  *  vacate the same or any part thereof," a petition signed by a majority of the owners of property abutting on the part of the street to be vacated is sufficient.

**Same — signature on condition.**

2. A naked allegation that one of the signers signed conditionally, with nothing to indicate the nature of the condition, does not show that the signature was invalid.

**Payment to landowner — injunction — pleading.**

3. A village may properly, under some circumstances, pay a property owner

[1] Reported in 152 N. W. 412.

for the opening of a street across his property. The court will not enjoin such expenditure, unless its illegality is made to appear. Vague allegations that the expenditure is an extravagant waste of funds, without stating any facts on which the court can form a judgment, are not sufficient to warrant an injunction.

Action in the district court for Marshall county to annul the action of the village council of Argyle in vacating part of Fourth street in the village, to restrain defendants from closing that part of the street, and to restrain them from paying $1,000 to defendant railway company. The case was tried before Grindeland, J., who granted the motion of defendants for judgment on the pleadings. From the judgment entered pursuant to the order for judgment, plaintiffs appealed. Affirmed.

*A. A. Miller and Martin O'Brien,* for appellants.

*Julius J. Olson, Charles Loring, G. A. Youngquist, M. L. Countryman, A. L. Janes* and *J. E. Montague,* for respondents.

HALLAM, J.

Plaintiffs appeal from an order granting defendants' motion for judgment on the pleadings. The only pleadings are the complaint and answer, and the real question is whether the complaint states a cause of action.

1. The complaint alleges that certain owners of property abutting on Fourth street in the village of Argyle petitioned the village council to vacate said street for the distance of one block between Pacific and Atlantic avenues. It is alleged that the petition is not signed by a majority of owners of property on the line of Fourth street, meaning evidently the whole length of Fourth street. There is no allegation that the petition is not signed by a majority of the owners of property abutting on the part of the street proposed to be vacated, and no such claim is made; but plaintiffs contend that the signature of a majority of the owners of property abutting on the entire length of the street is required. This contention cannot be sustained. This proceeding is statutory, and the language of the statute governs. The statute provides that

"On petition of a majority of the owners of land abutting on any

street * * * or any part thereof, in any village, the council may by resolution vacate the same or any part thereof." G. S. 1913, § 1281.

The language of the statute is clear. Where part of a street is proposed to be vacated, the petition of a majority of the owners of land abutting on the "part thereof" proposed to be vacated gives the council jurisdiction to act and in its judgment to "vacate the same." This objection to the petition is not well taken. The argument of appellants' counsel is predicated on the language of a former statute (chapter 57, p. 130, Laws 1902). This statute was amended by chapter 381, p. 456, Laws 1909, so as to read as above quoted. It is not necessary to construe the old statute, since it differs from the present one in form and in substance.

2. The complaint alleges that defendant railway company, one of the signers of the petition, signed "conditionally as in said petition set forth." It is contended that a conditional signature is not valid. The petition is not before the court and what the condition was is not disclosed. Plaintiffs are asking for an injunction, and they must set forth facts which show them to be entitled to it. Without being advised as to the nature of the condition, we cannot determine its effect upon the petition.

3. The complaint alleges that "it is the intent and purpose of said village officers, if permitted to close said Fourth street * * * to cause another street * * * to be opened across said right of way, and to pay to said railroad company the sum of $1,000 * . * * That said payment of $1,000 by said village council will be a waste of the funds of said village, and an unwarranted expenditure of its moneys," and an injunction is asked to restrain such payment. Here again no facts are alleged as a basis for the demand for an injunction restraining the village council from acting. Under some circumstances a village council may lawfully pay money to a property owner for the opening of a street across his property. Proposed municipal action of this or any other sort will not be restrained, unless facts are alleged which show the action to be unlawful. Vague allegations that the expenditure is an unwarranted waste of funds,

without setting forth any facts on which the court can form a judg-. ment, do not furnish a basis for an injunction.

Order affirmed.