### PHELPS, County Treasurer, v. ASPLUND et al.

No. 27512. June 21, 1938.

Rehearing Denied Jan. 17, 1939.

Second Rehearing Denied Feb. 21, 1939.

Roy Holbird and Hugh Conway, for plaintiff in error.

Wilson & Wilson, for defendants in error.

BAYLESS, V. C. J. P. Asplund et al., the owners of special improvement bonds and sewer warrants secured by a lien upon certain lots in the town of Enid, filed an action to enjoin R. N. Phelps, as county treasurer, holding the annual resale for Garfield county for the year 1936. Injunction was granted, and the defendant appeals.

The basis for enjoining this resale is the contention that the regular sale for 1932, upon which this is based, was invalid, and, being invalid, furnished no legal basis for a resale at any time.

The facts relating to the sale of 1932 are: The sale was duly set and advertised for sale as of November 7th. At the appointed hour the county treasurer announced to those present, who seemed to have been his employees and the other public officials only, that the sale was open. Seeing no one present to bid, he went about his duties. At 4:00 p. m. of that day he announced no bidders, considered the properties mandatorily sold to the county, and closed the sale. He was several days completing his return of sale, and during this time he sold other properties to people who came in and inquired concerning same. He delivered original certificates to these purchasers instead of assigning to them the certificates which theoretically the county owned. The plaintiffs produced two witnesses who said they were present on the date advertised, and were prepared to bid on the properties involved herein if necessary.

As we gather from the argument, the grounds upon which this sale is asserted to be illegal are these: (1) The failure of the county treasurer to conduct a formal auction whereby each lot or parcel would be cried out and bids invited; (2) the informal sale to the county; (3) the sale of other properties to other parties during the completion of the sale return; and (4) the presence of bidders to bid on these properties "if necessary."

In our opinion, the third ground is not available to plaintiffs. Their property was not so sold, nor is the amount due, the lien thereof, or any other legal aspect of the sale on the properties they are interested in affected. In our opinion, the alleged irregularities must go to the particular property. In other words, the validity of the sale as to each tract.

We will discuss the first and second grounds together. The idea of a sale at public auction has a well-understood significance. Without specifying the degree of formality with which such sales are to be conducted or the details involved, it is our opinion that no public outcry describing the properties and soliciting bids is necessary under circumstances such as are shown here. Not a single individual was present with an intent to bid on the properties, and we cannot imagine a more futile proceeding than one where a county treasurer would stand droning off described properties when obviously no one was present to bid. When no bidders are present at the opening of the sale, and none appear during the day, the sale should be closed. The properties are by operation of law—automatically—sold to the county.

Two witnesses testified. One woman was present to do what she could to save her property if it was offered. Admittedly she did not have the money to pay her taxes nor to bid if her property was sold. A man interested in the particular lots involved herein was present and intended to bid on these lots if they were offered or if it was necessary. No attack is made on the validity of the delinquent taxes, no excuse is offered for not paying them instead of waiting for a cry for bidders when he would have been forced to pay all that was due anyhow. No prejudice resulted, for he could have taken an assignment of the county's certificate.

In addition to this, we feel that the plaintiffs have wholly failed to show a state of facts justifying the equitable relief sought. It is a general rule that courts of equity are slow to interfere with the orderly procedure of public officials in the collection of taxes by tax sale proceedings. 32 C. J. 84, and 61 C. J. 1175. An application for an injunction is an appeal to the conscience of a chancellor to relieve against the threatened effect of fraud, utter lack of authority or irreparable injury, and it is none the less so that it involves a resale of taxes.

In this case there is no fraud or lack of legal authority. There is no threatened irreparable injury. The taxes and assessments admittedly are valid, and by operation of law are liens against the property until paid. If the sale is invalid, adequate remedies are available to the respective property owners. See Fiedler v. Botts, 46 Okla. 245, 148 P. 154, and Wallace, Co. Treas., v. Gassaway, 148 Okla. 265, 298 P. 867.

Judgment reversed, with directions to vacate injunction. Reversed, with directions.

RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. OSBORN. C. J., and HURST and DAVISON, JJ.. absent.

### Supplemental Opinion on Rehearing.

WELCH, V. C. J. On rehearing the defendants in error point out that an additional question originally presented was not determined. In the action originally the plaintiffs did present an additional proposition. That is, the defendants in error, as plaintiffs below, after alleging their inter-

312

ests as holders of paving bonds and sewer warrants, sought to enjoin the county treasurer from canceling said liens after this resale.

We have determined the chief question, that is, whether plaintiffs were entitled to enjoin the holding of the resale. The trial court was of the view that the resale should not be held, and therefore the trial court did not reach this additional proposition and the same was not determined in the trial court. We deem it unnecessary to pass upon that additional proposition here. We assume that after resale, the county treasurer will proceed further according to law and that he will take no action affecting the rights of plaintiffs, except such action as is clearly authorized by law. Since this additional question was not determined in the trial court, we will not determine it here. However, we should not deprive the plaintiffs of their right to protect their interests in such other and further action as they deem necessary. We announce this supplemental opinion for the purpose of making it clear that we have not passed upon this additional question, and that we neither approve nor disapprove plaintiffs' claims upon that additional proposition. We leave the plaintiffs free to take such action as they desire to protect themselves from any unauthorized act of the county treasurer after resale which might adversely affect any interest of the plaintiffs.

BAYLESS, C. J., and RILEY, OSBORN, CORN, GIBSON, HURST, DAVISON, and DANNER, JJ., concur.