**DAVENPORT, County Treas., v. SNYDER et al.**

No. 29174. April 14, 1939.

Rehearing Denied May 23, 1939.

Mac Q. Williamson, Atty. Gen., and John H. Poe, Asst. Atty. Gen. (Jack Langford, of counsel), for plaintiffs in error.

Millard F. Lowrance, R. E. Bowling, and John C. Powell, for defendants in error.

GIBSON, J. This action was commenced in the district court of Murray county by defendants in error against plaintiffs in error to enjoin the 1939 tax resale (secs. 12753-12755, O. S. 1931, 68 Okla. Stat. Ann. secs. 412-414). The parties are hereafter referred to as they appeared at the trial.

Defendants have appealed from the judgment overruling their demurrer to the amended petition. We are to determine, therefore, whether plaintiffs are entitled to any relief under the allegations of the petition.

Plaintiffs are landowners and resident taxpayers of said county. They seek to enjoin the sale not only as to their own lands, but attempt to prevent the same as a whole on the ground that said sale, if conducted, will be void for certain reasons alleged in the petition.

While we have heretofore held that one or more taxpayers may unite in a petition to restrain the collection of an illegal tax, as permitted by section 723, O. S. 1931, 12 Okla. Stat. Ann. sec. 1397, we have not held that one or more taxpayers may for themselves and all others similarly situated maintain an action to restrain the collection of a tax. See Kellogg v. School Dist., 13 Okla. 285, 74 P. 110; Vette v. Childers, 102 Okla. 140, 228 P. 145; Stiles v. City of Guthrie, 3 Okla. 26, 41 P. 383.

In the last-cited case the Territorial Supreme Court held that a representative suit, one commenced by plaintiffs for themselves and all other parties similarly situated, as provided by section 154, O. S. 1931, 12 Okla. Stat. Ann. sec. 233, could not be maintained on behalf of such other parties to enjoin the collection of a tax. The court in that case, construing section 154, above, held as follows:

"One or more taxpayers, whose property is attempted to be subjected to an illegal tax, cannot maintain an action enjoining the collection of the tax as against the property of other taxpayers similarly situated, under the provisions of the Code, which is that 'when the question is one of common or general interest in many persons, or when the parties are very numerous and it may be impracticable to bring them all before the

court, one or more may sue or defend for the benefit of all.' "

The sale of land for delinquent taxes is a step in the process of collecting the tax; the sole object of the sale is to collect the tax. 61 C. J. 1113, sec. 1514.

Under authority of .the Stiles Case the present plaintiffs could not maintain the action in a representative capacity. At most they could restrain the sale in their individual capacity under proper allegations. Id.

The plaintiffs do not seek, as taxpayers, to restrain the sale on the ground that the same will create an illegal financial burden upon all the taxpayers of the county. See Kellogg v. School Dist., supra. The petition shows that the county will be put to no expense in conducting the sale. Neither do plaintiffs attack the legality of the tax sought by the sale to be collected. The suit is not designed to prevent a public burden, financial or otherwise. In its entirety the action is nothing more than an attempt to prevent an alleged illegal method of collecting a legal tax. Unless the proposed illegal method will result in public expense to be borne by the taxpayers in general, a taxpayer's suit to enjoin such illegal process in its entirety so as to redound to the benefit of a class similarly situated is inappropriate. In view of the Stiles Case such holding is necessary.

In order for the plaintiffs to maintain the action for their own benefit they were obliged to show a willingness to do equity; it was their duty to tender the amount of the legal taxes. The statute as well as equitable principles demands this. Section 12668, O. S. 1931, 68 Okla. Stat. Ann. sec. 360; 61 C. J. 1089; Collins v. Green, 10 Okla. 244, 62 P. 813: Thurston v. Caldwell, 40 Okla. 206, 137 P. 683. See, also, Phelps v. Asplund, 184 Okla. 310, 87 P.2d 134.

Plaintiffs urge the case of Criswell v. Hart, 155 Okla. 159, 8 P.2d 70, in support of their contention that the petition states a cause for injunction. There is a material difference between the facts as alleged in that case and the present one. There the allegations not only showed the invalidity of the proposed sale, but charged illegal assessment and unlawful expense to accrue to the county ·by reason of the sale.

The trial court erred in overruling the demurrer to plaintiffs' petition. The judgment is reversed and the cause remanded, with directions to ·sustain said demurrer and dismiss plaintiffs' action.

BAYLESS, C. J., and RILEY, OSBORN, CORN, HURST, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., absent.