LOVE v. SILVERTHORN,
County Treas.

No. 29686.   Feb. 27, 1940.

Rehearing Denied April 16, 1940.

*101 P. 2d 255.*

Embry & Embry, of Chandler, for plaintiff in error.

Frank McVey, County Atty., Lincoln County, of Chandler, Mac Q. Williamson, Atty. Gen., Randell S. Cobb, Asst. Atty. Gen., and F. M. Dudley, attorney for Oklahoma Tax Commission, for defendant in error.

Harry A. Campbell, Roger S. Randolph, John Rogers, George A. Carlson, and John S. Carlson, all of Tulsa, amici curiae.

HURST, J.   This action involves the constitutionality of the Intangible Tax Law, art. 4, ch. 66, S. L. 1939. It was brought by plaintiff, Love, against de-

fendant, Silverthorn, county treasurer of Lincoln county, for a writ of mandamus commanding the defendant to accept, on a promissory note held by plaintiff, tax as required by section 12363, O. S. 1931, 68 Okla. St. Ann. § 511, and certify on such note its exemption from all other taxes as reuired by that section. Defendant refused to accept the tax or so certify the note, and in his response to the alternative writ justified his refusal on the ground that section 12363 was repealed by the Intangible Tax Law. The trial court denied a peremptory writ, and plaintiff appeals.

The act became effective April 17, 1939. It is comprehensive, and in view of the contentions of the parties we will not burden this opinion by setting out its details. The principal argument revolves around section 13, and that part of section 21 which repeals section 12346, O. S. 1931, 68 Okla. St. Ann. § 481. The title fairly reflects the provisions of the act. It is as follows:

"An act relating to taxation of intangible personal property; classifying intangible personal property for taxation, and levying taxes thereon in lieu of all regular ad valorem taxes, defining and limiting the purposes of the taxes imposed; excepting certain exempted property and species of property from such tax to avoid double taxation; providing rules for determining the taxable situs of intangible personal property and for the procedure for listing, assessing and taxing said property; establishing the method of collecting the taxes thereon; prescribing a time limit within which assessment can be made on omitted or undervalued intangible personal property and prohibiting any attempt thereafter to impose any ad valorem tax thereon other than that levied by this act; prescribing the duties and powers of all tax officials in reference to the provisions of this act, including the Oklahoma Tax Commission, prescribing penalties for failure of taxpayers and officials to perform the duties imposed; requiring the payment of the taxes imposed as a prerequisite to maintaining suit involving intangible personal property; prohibiting divulging information furnished by tax-payers; repealing conflicting laws, and partcularly (sic) chapter 72, Session Laws, 1927, (Oklahoma Statutes 1931, Sections 12339-12344, inclusive); Chapter 66, Article 3, Session Laws 1931, (Oklahoma Statutes 1931, Section 12345); Chapter 264, Session Laws, 1917 (Oklahoma Statutes 1931, Sections 12363-12368 inclusive) and Section 12346, Oklahoma Statutes 1931; and declaring an emergency."

We also quote section 13:

"Section 13. Nothing in this act shall prevent the assessment for prior years of any property defined herein as being intangible personal property; provided, that such property is assessed on or before January 1, 1940. After January 1, 1940, no intangible personal property may be assessed or reassessed in any manner for the year 1939 or any prior year on an ad valorem basis by any officer or agency of any county or of the State of Oklahoma.

"Neither the board of county commissioners of any county nor any other officer or agency of any county or of the State of Oklahoma shall, after the effective date of this Act, at any time contract with any person whomsoever for the discovery or assessment of intangible personal property alleged or thought to have been omitted from assessment or taxation.

"Every person now holding a contract entered into by any board of county commissioners, or other officer or agency, is hereby prohibited from taking any action or performing any act with the view of discovering or causing to be assessed or reassessed any intangible personal property which was not assessed on or prior to December 31, 1939. Provided, however that nothing herein shall affect any action now pending and remaining undisposed of on the effective date of this Act."

Plaintiff concedes that the act, if valid, repeals section 12363, O. S. 1931, under which he seeks to pay a tax and thereby exempt his note from all other taxation. He contends, however, that the act is unconstitutional in four respects. We will dispose of his contentions in order.

1. Under the first two propositions it is contended that the law violates

that part of section 57, art. 5, of the Constitution which provides that every act of the Legislature shall embrace but one subject. There is no contention that the act violates that part of section 57 requiring the subject matter to be clearly expressed in the title.

Plaintiff urges that section 13 and a part of section 21 are not cognate or germane to the subject of taxation of intangible property.

That part of section 21 to which he directs attention repeals section 12346, which authorizes the employment of tax ferrets by the county commissioners to assist in the discovery of omitted property both tangible and intangible. Section 21 is purely a repealing section, and repeals a number of statutory provisions in addition to section 12346. We do not pass upon plaintiff's contention as to section 21 because (1) plaintiff is not a tax ferret, and the repeal of section 12346 deprives him of no rights; and (2) the provision repealing such section is separable from the remainder of the act, and section 20 thereof expressly provides that the provisions of the act are severable, and the invalidity of any provision or paragraph thereof shall not affect the validity of the remainder of the act, or any part thereof. Under such circumstances we will not in this action consider the validity of the attempted repeal of section 12346. Shinn v. Oklahoma City (1939) 184 Okla. 236, 87 P. 2d 136. Even if the repealing provision be not cognate and germane, upon which we express no opinion at this time, it is obvious that such fact need not defeat the entire act, as it is merely incidental to the main purpose and intent of the act. Gilmer v. Hunt (1934) 167 Okla. 175, 29 P. 2d 59; Reilly v. Knapp (Kan. 1919) 185 P. 47.

Plaintiff argues that section 13 deals with ad valorem taxation, a new and distinct subject from the taxation of intangibles. But we think it apparent that such subject is dealt with only insofar as germane to the provisions relating to the new method of taxation of intangible property, so that the operation of such new method might not be unduly hampered by the further continuation of the previous system. Section 13 deals entirely with intangibles. The incidental provisions of the act will not be held to violate the constitutional requirement where they relate to, and are included to effectuate, the main purpose of the act. 59 C. J. 662, 800, 803; 25 R. C. L. 843-847. When considered in conjunction with the other provisions of the act, and the main purpose and intent of the Legislature as expressed therein, we conclude that section 13 is germane and incidental thereto.

2. Plaintiff next asserts that the act violates sections 50 and 53, art. 5, of the Constitution. These sections prohibit the Legislature from enacting laws which exempt any property from taxation, except as otherwise provided in the Constitution (sec. 50), and from releasing or extinguishing any indebtedness, liabilities, or obligations to the state or a subdivision thereof (sec. 53). Plaintiff's argument is predicated upon the construction placed by him on section 13, which he contends (a) exempts intangible property from ad valorem taxation for 1939 and prior years, and (b) releases such property from liability for such taxes for 1939 and prior years. We do not consider that section 13 may reasonably be so construed. It purports neither to exempt property from taxation nor release a taxpayer from liability therefor. It deals with an existing remedy or procedure and prohibits the further operation thereof, after the expiration of some eight and one-half months, in order that such operation may not interfere with a new classification of property for taxing purposes and the method adopted to tax such property. It relates to the power of administrative officers acting under statutes which constitute their sole authority to act. Rixey's Executors v. Commonwealth (Va. 1919) 99 S. E. 573. It places a limitation upon the time within which omitted property of this class might be discovered and assessed by the taxing authorities, and prohibits the further employment of tax ferrets for

the discovery or assessment of intangibles, in order to effectuate the purpose of the new classification and method of taxing provided for. It does not exempt any property from taxation, nor does it purport to release any debt, liability or obligation. Within the time limited, all such property, regardless of ownership, was subject to discovery and assessment. That the Legislature may prescribe a limitation, or alter one already prescribed, when fixed or vested rights or liabilities are not disturbed thereby, is settled. Case v. Pinnick (1939) 186 Okla. 219, 97 P. 2d 58. And the liability for taxes is fixed only where there had been an assessment that has become final. Ivester v. State (1938) 183 Okla. 519, 83 P. 2d 193; McNeal v. Ritterbusch (1911) 29 Okla. 223, 116 P. 778. The act does not have the effect condemned in State v. Pioneer Mills (1926) 122 Okla. 6, 250 P. 120, or that discussed in Nelson v. Pitts, County Treasurer (1927) 126 Okla. 191, 259 P. 533.

3. Plaintiff next contends that the act violates section 54, art. 5, of the Constitution, which provides that the repeal of a statute shall not affect accrued rights, in that it seeks to affect the accrued rights in regard to these objects of taxation for prior years, and cites Crump v. Guyer (1916) 60 Okla. 222, 157 P. 321, defining a vested right, and Barry et al. v. Board of County Commissioners of Tulsa County (1935) 173 Okla. 645, 49 P. 2d 548, which holds that when property is assessed for taxation at more than its fair cash value, the right to redress given by existing law is an accrued right. But as pointed out above, the tax does not become a fixed liability prior to assessment, and we do not consider these cases applicable. That there is no vested or accrued right in taxes that might become due on omitted property is in effect the holding in State v. McCafferty (1909) 25 Okla. 2, 105 P. 992, and is also inferred in Ivester v. State, supra.

4. Finally, plaintiff contends that the act violates section 5, art. 10, of the Constitution, which provides that taxes shall be uniform on all classes of subjects, for the reason that it excludes from its operation notes secured by real estate mortgages, which are taxable under the provisions of our Mortgage Tax Law. He argues that as the mortgage tax was held in Trustees', Executors' & Securities Ins. Corp., Limited, et al. v. Hooton, County Clerk (1915) 53 Okla. 530, 157 P. 293, to be a registration tax, the note secured thereby is still subject to property tax, and should be included as are unsecured notes such as his. But under the prior law for which he contends the taxing of mortgage notes and unsecured notes was upon a different basis, and if, as we have held, such classification for taxation was valid, there exists no substantial reason for holding it invalid here. While the mortgage tax was in that case classified as a registration tax, it was not simply a fee for the privilege of registration, but was a tax computed on the amount secured, and was in lieu of all other taxes. It was upheld in the cited case, and again In re Oklahoma Nat. Life Ins. Co. (1918) 68 Okla. 219, 173 P. 376.

We think the problem here is one of classification. The right of the Legislature to classify property for the purposes of taxation is authorized by section 22, art. 10, of the Constitution. In the case of In re Diehr (1935) 174 Okla. 300, 50 P. 2d 725, we upheld the classification of money as a subject of taxation separate and distinct from other personal property. In the case of In re Gross Production Tax of Wolverine Oil Co. (1915) 53 Okla. 24, 154 P. 362, we upheld the application of different tax rates on various classes of minerals, and the entire exclusion of certain minerals was held not to render the act void for violation of the uniformity clause of section 5, art. 10, holding that where the statute operated alike upon all belonging to the same class it was not discriminatory, but uniform. It was there further held that while the classification must be reasonable, there is no precise rule of reasonableness. We do not agree

that the placing of notes secured by real estate mortgages in a class by themselves, for the purpose of taxation, is an unreasonable classification. The registration tax being in lieu of all other taxes, there is no exemption from taxation as to such class.

In the case of State Tax Commission et al. v. Shattuck (Ariz. 1934) 38 P. 2d 631, is contained an exhaustive review of the right to classify for the purpose of taxation, and it upholds an intangible tax law in which, like the law under discussion, intangible property was divided into many classes, and varying rates applied to such classes. It is there stated that the uniformity clause of the Constitution is not violated by such classification, provided the same tax is imposed on all members of the same class, and the classification is reasonable and not arbitrary. Such classification must rest on some ground of difference having a fair and substantial relation to the object of the legislation. See, also, Lutz v. Arnold (Ind. 1935) 193 N. E. 840, sustaining a similar Intangible Tax Law.

We conclude that insofar as the particular questions raised herein are concerned, the act does not violate the constitutional provisions referred to in the manner urged by the plaintiff.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, CORN, GIBSON, DAVISON, and DANNER, JJ., concur. OSBORN, J., absent.