HUDDLESTON v. VAHLBERG, County Treas.

No. 29869.   June 25, 1940.

Rehearing Denied July 16, 1940.

*104 P. 2d 434.*

V. E. Stinchcomb and W. P. Fowler, both of Oklahoma City, for plaintiff in error.

Lewis R. Morris, County Atty., and B. C. Logsdon, Asst. County Atty., both of Oklahoma City, for defendant in error.

HURST, J. ‹This is an action by S. D. Huddleston against William F. Vahlberg, county treasurer of Oklahoma county, to enjoin the holding of the 1940 tax resale under article 31, ch. 66, S. L. 1939. The trial court denied a temporary injunction, and plaintiff appeals.

Huddleston, a delinquent taxpayer whose property is included in the resale, sues in his own behalf, and in behalf of all other taxpayers similarly situated. He predicates the right to relief on the ground that the resale is not advertised as required by law and therefore void, and if permitted to proceed, will (1) cloud the title of the taxpayers whose property is included in the sale, and (2) result in an illegal expenditure of public funds which will increase the tax burden of himself and the class he represents, and (3) that the 1939 law is unconstitutional. While he alleges a tender of the amount of taxes due on his property included in the resale, he asks that the resale be enjoined as to all property included therein, and not as to his property only. It is not contended that the tax is illegal. Some 20,000 properties are advertised for sale in the resale.

1. That one or more taxpayers may not for themselves and all others similarly situated maintain an action to restrain the collection of a tax is settled. Davenport, County Treas., v. Snyder, 185 Okla. 160, 90 P. 2d 652; Stiles v. City of Guthrie, 3 Okla. 26, 41 P. 383. The underlying reason for the denial of the right of an affected taxpayer to maintain such a class action is that only private rights are involved, and that taxpayers not making themselves parties to the action may be willing to pay the tax. The clouding of the title or sale of the property, of one taxpayer, is not a matter of concern to any other taxpayer, and in no way affects such other taxpayer's rights. There is no common or public interest. It therefore appears that plaintiff's first contention is without merit.

2. As to plaintiff's second contention, that the resale will result in an illegal expenditure of public funds which will increase the tax burden of the class he represents, there is no evidence in the record to support this assertion. While there is a showing of an appropriation made by the board of county commissioners for extra salary and expense of resale and record work, section 7 of the 1939 law requires the county treasurer to collect the expenses of the resale from the successful bidders, and the presumption is that he will perform that duty.

Furthermore, the legality of the taxes not being questioned, plaintiff and the class he represents have an adequate remedy at law. They have only to pay the taxes due, which performance of their legal duty would render the resale unnecessary, and thus prevent the expenditure complained of. The purpose of the action is solely to prevent the sale of the advertised properties to enforce the collection of the taxes due. This may not be done. Davenport v. Snyder, supra; Phelps v. Asplund, 184 Okla. 310, 87 P. 2d 134.

The facts in Criswell v. Hart, 155 Okla. 159, 8 P. 2d 70, relied on by plaintiff, are wholly dissimilar to those in the present case, and the decision therein is therefore inapplicable. If the resale is conducted, and the property thereunder illegally sold for legal taxes, plaintiff and those for whom he sues have an adequate remedy under section 12761, O. S. 1931, 68 O.S.A. § 453. The argument that the injunction is justified to prevent a multiplicity of suits is purely speculative. The plaintiff was the only taxpayer who testified at the hearing, and there is nothing in the record to support the statement. Nor is there a sufficient showing that an illegal expenditure will result. Vague allegations that illegal expenditure will result, without the showing of facts upon which the trial court would be justified in finding that such would in all probability result, do not furnish a basis for injunction on that ground. Tiedt v. Village of Argyle, 129 Minn. 259, 152 N. W. 412. No right to enjoin the sale

on the ground of illegal expenditure of public funds is shown.

3. Plaintiff also contends that article 31, ch. 66, S. L. 1939, by providing that property bought in by the county at original tax sales may be sold at resale for less than the amount of taxes due, violates section 53, art. 5, of the Constitution, which provides:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liabilities, or obligations of any corporation, or individual, to this state, or any county or other municipal corporation thereof."

Reliance is placed upon Nelson v. Pitts, 126 Okla. 191, 259 P. 533, and Ivester v. State, 183 Okla. 519, 83 P. 2d 193, as authority for this assertion. But we do not consider either of these cases in point.

In the Ivester Case the court held unconstitutional a law giving the county commissioners power to revise valuations and reassess property upon which taxes were delinquent, upon complaint that the tax was excessive. We held that such law empowered the county commissioners to remit what had become a fixed liability from the taxpayer to the state, and thus offended the limitations of section 53.

In Nelson v. Pitts the law authorized the county treasurer, in cases where the tax charges, including ad valorem taxes and special assessments, exceeded the fair value of the property, to bring foreclosure proceedings and sell the property. The money derived from the sale was to be used first for the liquidation of special assessment bonds, and if not sufficient to pay them, the delinquent ad valorem taxes were canceled, and the money prorated among the holders of special assessment bonds, whose bonds were likewise canceled. The court held that the law impaired the obligation of the bondholders' contracts, and also held that it violated section 53. While the reason for so holding that the law violated section 53 is not stated, it is evident that the waiver of the lien of the ad valorem taxes in favor of the lien of the bondholders was the reason therefor. In Board of County Com'rs of Woods County v. State ex rel. Commissioners of the Land Office, 125 Okla. 287, 257 P. 778, the court expressly stated that this could not be done. See, also, In re Harris, 184 Okla. 459, 88 P. 2d 372.

In Ollivier v. City of Houston, 22 Tex. Civ. App. 55, 54 S. W. 940, it was held that a city charter which authorized a delinquent taxpayer to plead the four-year statute of limitations in any suit brought for the collection of delinquent taxes due the city, violated a provision of the Texas Constitution similar to section 53, the court stating that such taxes were a liability on the part of the delinquent taxpayer which clearly came within the constitutional provision. In that case the court said that the purpose of such provision was to render impossible every form of governmental favoritism, whereby the burden upon one citizen was lightened, and that of others made heavier in proportion. This case was cited with approval in Ivester v. State, supra, and we think correctly states the purpose of section 53 of our Constitution.

From the above authorities it appears that the law in question here is not violative of the constitutional provision. It was enacted for the purpose of enabling the taxing authorities to collect delinquent taxes, not to remit or waive them. It authorized the sale of the taxpayer's property to the highest bidder to satisfy the lien, and specified a minimum amount for which the property must be sold, a provision for the benefit of the public and not for the benefit of the property owner. That the value of the property so sold would not liquidate all taxes due, and thus prevented the collection of the remainder, although a necessary and unavoidable result, is apparently the basis of the plaintiff's contention. We fail to see where the sale of the taxpayer's property is a releasing or extinguishing of his liability to

the detriment of the remaining taxpayers. The effect of a valid tax sale under section 7 of the statute is to vest in the purchaser an "absolute and perfect title in fee simple" and to extinguish both the title of the former owner and the lien of the state.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, and DAVISON, JJ., concur. CORN, GIBSON, and DANNER, JJ., absent.