Intangible Personal Property Tax — Constitutional The classification scheme of intangible personal property tax statute is constitutional. The Attorney General has considered your request of January 10, 1968. The request directs our attention to several constitutional problems which you believe exist in regard to the intangible personal property tax statutes found in 68 O.S. 2501 [68-2501] to 68 O.S. 2520 [68-2520] (1967). You specifically inquire, first, whether or not the classification scheme used in 68 O.S. 2501 [68-2501] (1967) et seq., is constitutional and, second, whether or not the exemptions found in Section 2503 are constitutional. In Love v. Silverthorn, 187 Okl. 114,101 P.2d 254, the Oklahoma Supreme Court ruled upon the constitutionality of the intangible personal property tax law. In the Love case the court found no conflict between said law and Article 5, Sections 50, Article V, Section 53, Article V, Section 54, Article V, Section 57 and Article X, Section 5 of the Oklahoma Constitution. The court treated the law as a problem of classification, and, expressly, noted that Article X, Section 22 specifically gave the Legislature the power to classify property for the purposes of taxation. In General Motors Acceptance Corporation v. Hobart, 190 Okl. 568, 125 P.2d 975, the Court, referring to the intangible tax law, stated: ". . . it is to be noted also that the tax levy herein is `in lieu of the regular ad valorem tax'; in other words, it is a `specific tax' as authorized by Section 12, Article 10 of the Constitution." In light of the pronouncements of the Oklahoma Supreme Court in Love v. Silverthorn, supra, and General Motors Acceptance Corporation v. Hobart, supra, we believe the intangible personal property tax law is constitutional. See Attorney General's Opinion No. 67-205. It is the opinion of the Attorney General that the classification scheme of 68 O.S. 2501 [68-2501] (1967), et seq., is constitutional. It is the opinion of the Attorney General that 68 O.S. 2503 [68-2503] (1967), is constitutional. (Brian H. Upp)