HON. JNO. H. BURFORD, CHIEF JUSTICE.
HON. BAYARD T. HAINER,
HON. BENJ. F. BURWELL,
HON. CLINTON F. IRWIN, } ASSOCIATE JUSTICES.
HON. JNO. L. McATEE,

W. M. DURHAM, *as County Treasurer of Pottawatomie County*, v. HENRY LINDERMAN, W. S. FIELD, ALBERT FIELD, R. G. YOUNG, E. M. WINSLOW, THOMAS J. SHEAR, ELLA L. FIELD, A. K. TURNER, EDWARD HAMMER, F. DUMONT, EVELINE RODKEY, F. H. WILLIAMS, J. C. HART, M. P. GREEN, W. D. GILES, S. H. McELHINNEY, C. E. BUELL, H. C. JONES, H. F. TAYLOR, BYRON D. SHEAR, W. C. PINN, O. A. MITSCHER, E. W. LEVERNEY AND W. F. BROUGHT.

(Filed Feb. 8, 1901.)

1. STATUTES—*Construction.* While it is part of the history of the Statutes of 1893 that different portions of them were adopted without material alteration from the statutes of different states, and that different portions are not, in all respects, consistent with each other, it is yet the duty of this court to endeavor to reconcile

them wherever it is possible so to do, in order that the legislative intent may be, as far as possible, effective, and to support the theory that, as a body of revised laws, adopted at the same time, they are of equal force and effect, and all intended to stand with as little interference as possible, of judicial interpretation, and that it is the duty of the courts to harmonize the various parts of the statute with each other. One part of the statute will not be allowed to defeat another, if, by any reasonable construction, the two may be made to stand together.

ſ   TENDER—*Sufficiency of*. It is provided in the statute that "When a tender of money is alleged in any pleading, it shall not be necessary to deposit the money in court when the pleading is filed, but it shall be sufficient if the money is deposited in court at trial, or when ordered by the court." We think the tender offered in this case was adequate, and complied with the statute in all material respects, and should be accepted as an adequate tender, within the meaning of the rule.

3.  INJUNCTION—*Proper Remedy—When*. Under the circumstances of this case, injunction was the proper remedy to enjoin the levy of the taxes as illegal, together with all proceedings to enforce the same.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before B. F. Burwell, District Judge.*

*L. G. Pitman, County Attorney of Pattowatomie County, T. G. Cutlip* and *D. B. Madden,* for plaintiff in error.

*W. S. Fields* and *Byron D. Shear,*   for defendants in error.

### STATEMENT OF THE CASE.

This was a proceeding in injunction brought in the district court of Pottawatomie county, to restrain the collection of taxes. The plaintiffs, who are defendants in error here, after severally describing their property, consisting of lots and blocks of land in the city of Keokuk Falls, Pottawatomie county, alleging their ownership, averred the incorporation of the town, and that on

the 1st day of February, 1894, there was a duly elected, qualified and acting·assessor of said town, and that, as such assessor, he had, as provided by law, made an assessment of all the real and personal property in the city of Keokuk Falls; that he had made a true assessment of the property of the plaintiffs, at its actual cash value, and had listed the same, and that after making the assessment, he had returned the lists and rolls of the assessment to the board of trustees of the town, and at the same time returned duplicates thereof to the county clerk of Pottawatomie county, but that after the said assessment had been duly made and returned, one Deacon unlawfully attempted to issue and make a pretended and unauthorized return of the property of the plaintiffs to the county clerk, who ignored the return of the legal assessor, and entered the plaintiffs' property upon the tax rolls of the county as the same had been valued by Deacon, and the plaintiffs were charged with the amount of taxes which the said property would have been charged with if said valuation had been lawful, which was largely in excess of the taxes actually due, and thereafter, these taxes not having been paid, the county treasurer, on the 18th day of November, 1895, attempted to sell for delinquent taxes the said property of the plaintiffs, and did declare that the same were sold therefor to Pottawatomie county, but that no certificate of sale was ever made therefor.

The answer denied generally and specially the allegations of the petition, and set forth that the town of Keokuk Falls at the time mentioned was, under the laws of Oklahoma, "a municipal corporation, with a population and enumeration  residents and inhabitants of a number

fewer than one thousand." And that, under section 6062 of the Statutes of Oklahoma 1893, it was a part of the township of Dent, and that at no time during the period specified did the said town, as a municipal corporation, have a duly elected, qualified and acting town assessor of said municipality, but that, at all the said times, it was a constituent part of the municipal township of Dent, and that the legally elected, qualified and acting township assessor of the township assessed the real and personal property of the town of Keokuk Falls, and made his return as by law provided, to the county clerk of Pottawatomie county, by his lists and rolls of assessment of the said real property of the town.

The cause was tried to the court. Testimony was taken, and judgment was rendered in favor of the plaintiffs, and the defendant, plaintiff in error here, was perpetually enjoined from acting upon the sales or certificates issued for unpaid taxes upon the real estate in question, as the same were made to appear from the assessment made by Deacon, the township assessor, and the returns made by him.

Opinion of the court by

McATEE, J.: The question involved in the case is the validity of the assessment made by Deacon, as township assessor. It is provided in ch. 80, art. 2, sec. 2 of the Statutes of 1893, upon "Townships and Township Officers," that:

"6062.—That all towns, villages or cities, having a population of one thousand inhabitants and over, are hereby declared townships for the purpose of this act, and shall annually at the general town, village or city

election, elect an assessor whose duties and powers shall be the same as prescribed by law for township assessors."

But it is also provided in the Statutes of 1893, in the chapter upon "Cities, Towns and Villages," ch. 15, art. 1, sec. 15 (incorporated towns), that:

"(653).—There shall be elected at the first and at every subsequent election one trustee from each district in said town, and also a clerk, assessor, treasurer, marshal, and justice of the peace, who shall respectively hold their offices until the first Monday in May next following or until their successors are elected and qualified: *Provided, however*, That nothing herein contained shall prevent the respective offices of clerk, treasurer, assessor and marshal from being held by one and the same person."

And by sec. 30 of the same article and chapter, that:

"(668).—All property within such corporation liable to taxation, shall be assessed as provided by law, and the assessor shall, in addition to the returns to be made to the county clerk, make a return of his assessment roll embraced within the incorporated town, to the town board on or before the second Tuesday in April of each year."

It will thus be seen that, while by the chapter relating to "Townships and Township Officers," it is provided, that: "All towns, villages or cities having a population of one thousand inhabitants and over * * * " shall "annually * * * elect an assessor whose duties and powers shall be the same as prescribed by law for township assessors," that it is also, by ch. 15, upon "Cities, Towns and Villages," provided that in all towns incorporated under that act, "there shall be elected one * * * assessors," * * *and that, by sec. 30 of the same article, the duties of such assessor are prescribed. And the contention on behalf of the plaintiff in error is,

that the provision contained in sec. 2 of art. 2 ch. 80, providing that an assessor shall be elected in all towns, villages or cities having a population of "one thousand inhabitants and over," is inconsistent with the provision in ch. 15, art. 1, secs. 15 and 30, and that the provision contained in ch. 8, for the election of an assessor in towns of one thousand and over is a limitation upon, restriction and revocation of secs. 15 and 30 of ch. 15.

We cannot give this interpretation to the law in this case. The case presented here and now to be passed upon does not involve an assessment in towns, cities or villages of "one thousand inhabitants and over." The admitted fact in the case is that at the time of the assessment and taxation in question, Keokuk Falls had a population of less than one thousand. It is manifest that the provisions of the statute are not entirely harmonious and congruous. But there is no such conflict as would make it necessary for this court to decide that either one of these statutes must be determined to be nugatory and void, as irreconcilably in conflict with the other.

There is nothing for us to decide in this case, except whether the statute, ch. 15, art. 1, secs. 15 and 30, in a case in which the population of an incorporated town of the Territory consists of less than one thousand inhabitants, may stand and be effective, and not in conflict with sec. 2, art. 2, of ch. 80, which provides for the election of an assessor in towns, villages or cities having a population of "one thousand inhabitants and over." Chapters 15 and 30 of the Statutes of 1893 each took effect December 25, 1890. While it may be accepted as a part of the history of the Statutes of 1893, that different portions of them were adopted without material alteration, from

the statutes of different states, and their different portions are not, in all respects, consistent with each other, it is yet the duty of this court to endeavor to reconcile them wherever it is possible so to do, in order that the legislative  intent may be, as far as possible, effective, and to support the theory, as fully as may be done, that, as a body of revised laws adopted at the same time, they are of equal force and effect, and all intended to stand, with as little interference as possible, of judicial interpretation.   And that it is the duty of courts to endeavor to harmonize the various portions of the statutes with one another. One part of the statute will not be allowed to defeat another, if by any reasonable consruction, the two can be made to stand together.  (Cooley on Constitutional Limitations, 71; Endlich on the Interpretation of statutes, sec. 515.)

The election of assessor, therefore, under sec. 15, and his proceedings, under sec.  30, art. 1, ch. 15 of the statutes, will be held to be valid and legal.   The acts of Deacon as the assessor of Dent township, within whose boundaries the town of Keokuk Falls lay, and his assessment and listing of property and the taxation following thereupon, will be held to be void, so far as relates to the property of defendants in error.

The petition averred that "prior to the commencement of this action, the treasurer of this county refused to accept any taxes from plaintiff, unless plaintiffs paid all of the same as appears from the tax rolls of his office, which includes all of said illegal taxes, and the plaintiffs here tender into court all legal taxes that the court may find due from plaintiffs to the defendant."

It is provided in sec. 4009, Statutes of 1893, that: "When a tender of money is alleged in any pleadinng, it shall not be necessary to deposit the money in court when the pleading is filed, but it shall be sufficient if the money is deposited in court at trial, or when ordered by the court." While the allegation of the tender is not quite so full and definite as is desirable, yet, we think it was adequate, and complied with the statute in all material respects, and should be accepted as an adequate tender and averment of readiness to pay, within the meaning of the rule.

The levy of the taxes by the township assessor, Deacon, within the boundary of the incorporated town of Keokuk Falls, having less than a thousand inhabitants, and which municipality had an elected assessor of its own, was an illegal levy of a tax, and the action was properly brought under sec. 4143 of the Statutes of 1893, which provide, that: "An injunction may be granted to enjoin the illegal levy of any tax, charge or assessment, or any proceeding to enforce the same: * * * ."

The judgment of the court below is affirmed.

Burwell, J., who presided in the court below, not sitting; all of the other Justices concurring.