### MYERS, Co. Treas., v. PYEATT et al.

No. 15283—Opinion Filed Sept. 15, 1925.

### Taxation — Injunction Against Resale—Insufficiency of Petition.

A petition joined in by a number of plaintiffs to enjoin the sale of real estate by the county treasurer at a tax resale, as required by law, which does not designate the particular land owned by the plaintiffs and the grounds for relief as applied to particular land owned, or in which an interest is claimed, does not state a cause of action.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by A. F. Pyeatt and others against J. F. Myers, as County Treasurer of Garvin County. From judgment in favor of plaintiffs. defendant brings error. Reversed and remanded, with directions.

Mac Q. Williamson, C. J. Moody, Bowling & Farmer, and H. G. Butts, for plaintiff in error.

Blanton, Osborn & Curtis, Albert Rennie and Alvin F. Pyeatt, for defendants in error.

Opinion by RAY, C. This suit was commenced April 14, 1924, by 868 real estate owners of Garvin county to restrain the county treasurer from offering for sale the lands advertised by him for

tax resale, beginning April 21, 1924, and for certain other relief. On the same day a demurrer, special and general, was filed and overruled. The defendant elected to stand on his demurrer and the court entered judgment directing the county treasurer to discontinue the advertisement of sale, and restraining him from selling or offering for sale, any of the lands described in the notice of sale.

The allegations of the petition may be summarized as follows: That all the taxes assessed against the land and lots are illegal and void for some one of the following reasons: (1) Certain of the lands are offered for sale for taxes assessed prior to tax deeds issued, and that the tax deeds removed the lien. (2) On certain of the lands certificates of erroneous assessments have been issued by the county commissioners as full satisfaction of the taxes, but the treasurer and his predecessors in office failed to enter the certificates as credits against the taxes. (3) Certain of the lands were assessed by a tax ferret without notice. (4) The lands assessed by the tax ferret are charged with illegal penalties. (5) The unlawful 1½ mill state levy for 1920 was a part of the taxes for which the lands were sold to the county. (6) Certain of the lands have been unlawfully assessed with nontaxable land and no separation of the lawful from the unlawful assessment has been made. (7) Inaccurate descriptions of certain lands on the assessment rolls which render them incapable of identification and assessments in the name of others than the owners. (8) Certain of the lands are advertised for sale as belonging to unknown persons. (9) On certain of the lands the lawful penalty was 6 per cent. and on others 15 per cent., but all figured at 18 per cent. (10) The published notice of resale shows that the lands sold for taxes for the years 1908, 1909, 1910, 1911, and 1915, were sold at a time other than that provided by law. (11) The treasurer's certificate is not sufficient to support a resale for taxes levied in 1915 and 1916 because of inconsistent statements contained in it. (12) Certain of the lands are not advertised in the name of the last record owner and the sale would be void. (13) All penalties are figured at 18 per cent. and 15 per cent. is the penalty allowed by law. (14) The published notice of resale was published in section B of the Pauls Valley Enterprise, alleged to be a supplement. (15) Delinquent taxes were not brought forward from year to year upon the current tax roll and for that reason no penalty could lawfully be charged. (16) All the lands sold in Garvin county were sold for a sum in excess of the legal tax, penalties and costs. (17) The lands have been assessed under municipal township divisions and not under congressional township divisions, as required by law. (18) The treasurer's records were not properly indexed so that experts were unable to locate the lands taxed. (19) The taxes have been paid on certain of the lands offered for sale and the owners hold the tax receipts. (20) If any of the lands have ever been sold to the county, it was not at public sale but behind closed doors and void. (21) The sales to the county were void for the reason that such notice as required by law had not been given. (22) Certain of the lands were assessed for more than their fair cash value. (23) Certain of the lands were assessed out of proportion to other lands. (24) Certain of the lands have been doubly assessed and the tax on one assessment paid. (25) Because of all the irregularities above set forth, plaintiffs could not obtain knowledge of the lawful taxes and that if the taxes were lawful the interest, penalties, and costs should be eliminated.

It is obvious that there is no community of interest such as to authorize the 868 plaintiffs to join their several causes of action in one suit, if they have such causes of action. It is also obvious that no cause of action is stated for any one of the 868 plaintiffs. By reference to the county treasurer's published notice of resale, a copy of which is made an exhibit to the petition, it is made to appear that the various plaintiffs own real estate in Garvin county, on which the taxes are delinquent, but it is not made to appear what, if any, grounds exist for restraining the county treasurer from selling any particular lands at resale. It is generally alleged in the petition that as to certain lands certain conditions exists, but no particular condition is alleged as to any particular tract or piece of land. Of course, if the taxes assessed against any piece or parcel of land have been paid, it is not subject to resale, but to entitle the owner to relief, it is necessary that the land be particularly described before such relief may be granted. It is apparent, however, that the purpose of this suit was not to secure relief from the sale of any particular lands, but to prevent the county treasurer from holding the resale as required by law. That is particularly made to appear by the allegations that the 21st day of April, the day fixed by statute for resale, is the wrong time of year for resale; that there had been three or four crop failures and that there was not sufficient

money in the county to pay the delinquent taxes, and other similar allegations.

The petition was no doubt a proper petition to file with the county treasurer to put the records of his office in proper condition, or to the county commissioners to have it done, or to the State Examiner and Inspector for assistance, but it states no ground for injunctive relief.

The case is reversed, with directions to vacate the judgment and dismiss the suit.

By the Court: It is so ordered.

Note.—See under (1) 37 Cyc. p. 1324.