## RUNNELLS v. OKLAHOMA CITY.

No. 19894. Opinion Filed May 12, 1931.

Rehearing Denied July 28, 1931.

Twyford & Smith, Leo C. Mann, and G. Lee Gibbs, for plaintiff in error.

A. L. Hull and M. W. McKenzie, for defendants in error.

CLARK, V. C. J. This is an appeal from a judgment of the district court Oklahoma county rendered in favor of the defendants and against the plaintiff. The parties will be referred to as they appeared in the court below.

The plaintiff brought this action to quiet title to certain lots described in her petition, alleging that she was the owner in fee simple and in the exclusive, adverse, complete, and undisturbed possession of said property, and that the defendants claimed some right, title, interest, and estate in and to said property, but that said claims, changes, interest, and estate are without merit, unfounded, junior and inferior to the title and possession of plaintiff.

The defendant, the city of Oklahoma City, filed answer denying generally the allegations of the plaintiff's petition, and further alleged that the plaintiff claimed to have a title to said property by virtue of a tax deed, and that said deed undertook to convey a title in fee simple, but that statute and law under which the county did undertake to convey the same was and is invalid and void; and that the defendant claimed some right, title, interest, and estate in and to said real estate co-equal with the ad valorem taxes and superior to any claim, right, title, or interest of plaintiff, by reason of special assessment ordinances passed by defendant city for paving against the real estate described in plaintiff's petition, which have become delinquent, and that defendant claimed a special interest in the penalties thereof, and that the said penalties are a lien against said property.

The record disclosed that the plaintiff deraigned her title to the property involved herein by tax deed dated November 12, 1927, and filed and recorded of record on the 28th day of November, 1927; that said tax deed was based upon the sale of said property on the 2nd day of November, 1925, for nonpayment of taxes, costs, and charges for the year 1924, and that the plaintiff was in possession of the said property at the commencement of this action.

Special paving assessment ordinances were passed by the city in the spring of 1910, affecting the property in question, and the first installment came due in 1910 and was paid, and the balance of the installments for 1911 to 1919 are due and unpaid.

The plaintiff in error submits two propositions why the judgment of the lower court should be reversed and directed to enter judgment in favor of plaintiff in error, as follows:

"1. The court erred in not rendering judgment in favor of plaintiff and against defendant city for the reason that the city has no right, title, claim, or lien on the real estate."

Under chapter 10, art. 1, Session L. 1907-1908, sec. 5, it is provided:

"* * * Such special assessments and each installment thereof. and the interest thereon are hereby declared to be a lien against the lots and tracts of land so assessed, from the dates of the ordinances levying the same co-equal with the lien of other taxes, and prior and superior to all other liens against such lots or tracts and such lien shall continue until such assessments and interest thereon shall be fully paid, but unmatured installments shall not be deemed to be within the terms of any general covenant or warranty."

And in the same section it is provided:

"* * * Provided, however, that in case

said assessments and interest are not paid when due, the assessment so matured and unpaid shall bear interest at the rate of 18 per centum per annum until paid. * * *"

Section 6, ch. 10, art. 1, Session L. 1907-1908, sec. 4615, C. O. S. 1921, provides with reference to the collection, payment, and notice of assessment and delinquents, in part, as follows:

"* * * And it shall be the duty of the city clerk promptly after the date of maturity of any such installment of assessment and interest and on or before the 15th day of September in each year, to certify said installment and interest then due to the county treasurer of the county in which said city is located, which installment of assessment and interest shall be by said county treasurer placed upon the delinquent tax list of said county for the current year and collected as other delinquent taxes are collected and thereupon pay to the city treasurer for disbursement in accordance with the provisions of this act."

The special assessment ordinances were passed in 1910, and fixed a lien for said assessments upon the property involved herein from the date of the ordinances co-equal with the lien of other taxes, and such lien shall continue until such assessments and interest thereon shall be fully paid.

The above-quoted statutes were the law at the time of the passing of the special assessment ordinances in this case, and said statutes did not specifically set out the disposition of the surplus created by the difference collected by the city upon the deferred payments and the rate provided for in the bonds.

Thereafter, a new section was introduced into the law by the 1910 Revised Laws, adopted by the Legislature effective March 22, 1913, as follows:

"Sec. 640: Any accrued interest paid to the city by persons taking bonds, and the difference between the interest collected upon the deferred payments of any assessment, and the rate provided for in the bonds, or paid to the contractor, together with the penalty collected on the delinquent installments of assessments and the interest thereon, shall be paid into the city treasury, and shall, with the payments of the installments upon assessments, be applied to the payment of the outstanding bonds and the interest thereon; and the remainder of the accumulations of said assessments, interest and penalty, if any, after the payment of all of said bonds and interest outstanding, shall be turned into the general revenues of the city."

This statute gave the city a special interest in the difference between the amount

collected and the amount of the bonds and interest thereon provided in the bonds.

This could not in any way affect the rights of the plaintiff in this case. The assessments were all due in 1919, and penalties had accrued on the 1911,-12,-13,-14,-15,-16,-17,-18, and 1919 assessments from the due dates thereof before the ad valorem taxes became delinquent and sale had upon which the tax deed was based.

The penalty for deferred payments was fixed by the law in force at the time of the passage of the assessment ordinances, and the 1910 Revised Laws, supra, added a section to the laws providing for disposition of the surplus fund, and put it in the general revenue fund of the city.

Under section 4, ch. 48, Session L. 1919, it is provided:

"All penalties for delinquent taxes including penalties on special assessments and the interest on bonds for paving or other special assessment bonds, over and above the amount specified in the face thereof, shall be and become the property of the city and shall be collected by the county treasurer, it being the intent of this provision to have such penalties go to the street repair fund of cities of the first class."

Section 6 provides:

"Any surplus remaining in the hands of the city after the collection of all installments and the payment of all bonds shall be turned in to the general revenues of the city."

In the case of State ex rel. City of Durant v. Bonner, County Treasurer, 86 Okla. 280, 208 Pac. 825, this court in the third paragraph of the syllabus said:

"Sec. 4, Senate Bill 132, ch. 48, Session Laws 1919, is operative and gives cities of the first class the penalties accruing on delinquent taxes on property situated in said cities, and applies to all penalties of delinquent taxes assessed against property located in cities of the first class prior to the taking effect of said act and uncollected at the time of the passage of said act."

The penalties in question had accrued and were delinquent and unpaid on the passage of the act construed in the above case.

The assessments, interest, and penalty were all due when the property was sold for the 1924 taxes, upon which sale the deed of the plaintiff is based. The city's rights had vested and could not be taken from it.

The defendant city did have an interest in said property as against the plaintiff. The defendant city's rights had vested un-

der a former statute, enacted long prior to the time the ad valorem tax became delinquent upon which the tax deed is based.

The plaintiff in error's next contention is:

"The court erred in the holding that delinquent special assessments are not canceled by a tax deed issued on subsequent ad valorem taxes."

This court in the case of Perryman v. City Home Builders, 121 Okla. 150, 248 Pac. 605, in the second paragraph of the syllabus held:

"Holders of municipal bonds issued for payment of street improvements under Session Laws of Oklahoma 1907-1908 c. 10, art. 1, payable in ten annual installments from a fund created from assessments against improvement district property, are made a lien on the property continuing until assessments and interest are paid."

The third paragraph of the syllabus of the above case is as follows:

"The laws existing at the time of the issuance of municipal bonds, and under the authority of which they are issued, enter into and become a part of the contract in such a way that the obligations of the contract cannot thereafter be in any way impaired or its fulfillment hampered or obstructed by a change in the law."

The statutes in force at the time the assessment ordinances were passed placed the assessment lien co-equal with the lien of other taxes.

The assessments, interest, and penalties were due and unpaid, and the defendant city's rights had vested, and the tax deed did not cancel the special assessment lien against the property.

The judgment is affirmed.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.

RILEY and HEFNER, JJ., absent.