**CRISWELL, County Treas., v. HART et al.**

No. 22434. Opinion Filed Feb. 16, 1932.

Otis H. Presson, Co. Atty., for plaintiff in error.

Biggers, Fowler & Biggers and Hart & Edwards, for defendant in error D. G. Hart.

Chas. E. Bush and A. J. Kriete, for defendant in error Exchange National Company.

ANDREWS, J. The defendant in error, D. G. Hart, who hereinafter will be referred to as the plaintiff, filed an amended petition in the superior court of Seminole county praying for an injunction against the plaintiff in error, who hereinafter will be referred to as the defendant, enjoining him from conducting a resale for delinquent taxes. A temporary injunction was granted by the trial court. While the cause was pending, the defendant in error Exchange National Company, which hereinafter will be referred to as the intervener, was permitted to intervene in the cause and to file its petition praying for an injunction against the defendant enjoining him from conducting the resale. The defendant filed a demurrer to the amended petition of the plaintiff and to the petition of the intervener. That demurrer was overruled by the court. The defendant elected to stand on the demurrer and refused to plead further. The court rendered judgment granting a permanent injunction restraining the defendant from conducting the resale. From that judgment the defendant appealed to this court.

The judgment is general, but it is based on the allegations made in the two petitions and not upon the evidence. For that reason we will consider it as limited in its effect to the issues presented by the two petitions.

The only question before this court is: Did each of the petitions state facts sufficient to constitute a cause of action? · The sufficiency of the allegations of the petition and not the truthfulness thereof must be considered. In Emmerson v. Botkin, 26 Okla. 218, 109 P. 531, this court held:

"A general demurrer to a petition, which attempts to state several causes of action, should be overruled if any of the statements of causes of action contained in said petition are good."

Among other things, the plaintiff alleged that the notice of resale did not contain a description of the real estate, the names of the owners thereof as shown by the last tax roll in the office of the county treasurer, the date on which the real estate was sold to the county for delinquent taxes, the year or years for which the real estate was assessed

for taxes, or the amount of the delinquent taxes, interest, penalties, and costs accrued. He further alleged that the part of the land that was advertised for sale was not subject to taxation; that other parts thereof had not been sold to the county at a regular tax sale, and that the taxes on a part of the land had been paid. He further alleged that no notice of sale of delinquent taxes had been given as required by law.

The defendant contends that the amended petition of the plaintiff did not state a cause of action under the rule stated in Myers, Co. Treas., v. Pyeatt, 115 Okla. 16, 242 P. 232. That decision is not controlling as to the allegations in the amended petition of the plaintiff in this case. In the petition under consideration the plaintiff described with particularity the land alleged to be owned by him. He alleged that that land was not subject to taxation at the time it was assessed for the reason that it was the allotment of a living full-blood Seminole Indian at that time. He alleged that all of the taxes on the land for the subsequent years had been paid and that there had never been a sale of the land to the county. If those allegations are true, the defendant has no right to sell that land at a resale. If a resale would be void and cause an unlawful expense to the taxpayers of the county, and if the deeds issued pursuant to the resale would cloud the title to land in the county, as alleged in the amended petition, the sale should be enjoined, not only to prevent the clouding of title to the real estate, but to prevent the useless expenditure of county funds. The allegations of the petition were admitted by the demurrer and the authority to enjoin is granted by section 420, C. O. S. 1921. See Pauls Valley Nat. Bank v. Foss, 99 Okla. 178, 226 P. 567, and Durham, Co. Treas., v. Linderman, 10 Okla. 570, 64 P. 15.

The defendant contends that the plaintiff has a speedy and adequate remedy at law and that equitable relief should not be granted for that reason. The provisions of section 9971, C. O. S. 1921, are not applicable to the facts stated in the amended petition of the plaintiff and we know of no adequate remedy at law under the facts stated in the amended petition of the plaintiff.

The trial court committed no error in overruling the demurrer of the defendant to the amended petition of the plaintiff and in granting the injunction prayed for.

The intervener alleged in its petition that it is the owner of certain special assessment bonds issued against property which was being offered for sale by the defendant at the resale. It contends that there is no authority to sell property at a resale for the purpose of satisfying and extinguishing the lien of the special assessment for improvements and relies on chapter 158, Session Laws 1923. We do not agree with that contention, and our views thereon are expressed in McGrath v. City of Oklahoma City, 156 Okla. ___, 9 P. (2d) 711. The trial court did not err in overruling the demurrer of the defendant to the petition of the intervener and in granting the injunction prayed for by the intervener.

Finding no error in the judgment of the trial court, it is in all things affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL. McNEILL, and KORNEGAY, JJ., concur. CULLISON, J., absent.