### BOLES et al. v. AIKMAN.

No. 21009.   Opinion Filed May 17, 1932.

Margaret McVean, for plaintiffs in error Wilmore.

Embry, Johnson, Crowe & Tolbert, for plaintiffs in error Boles.

L. D. Threlkeld, for defendant in error.

ANDREWS, J.   This is an appeal from a judgment of the district court of Oklahoma county in favor of the defendant in error against the plaintiffs in error A. M. Boles and Clarice Boles, and from a judgment in favor of the plaintiffs in error A. M. Boles and Clarice Boles, against the plaintiffs in error A. G. Wilmore and Maud Powell Wilmore. The judgment in favor of the plaintiff was for damages sustained by him from a breach of the covenants and agreements contained in a warranty deed containing a covenant against incumbrances. The deed was executed by the defendants A. M. Boles and Clarice Boles. They had purchased the land from the defendants A. G. Wilmore and Maud Powell Wilmore.

The question presented for review is a legal question, that is, whether or not the trial court erred in holding that there were special assessment liens against the property after it had been sold at a tax resale for delinquent taxes and at the time of the purchase of the property by the plaintiff. The decision of this court in Prince, Co. Treas., v. Ypsilanti Savings Bank, 140 Okla. 131, 282 P. 282, is relied upon by the defendants. That decision is in no wise controlling as to the issues presented by the record in this case, for herein it was not shown that the property was ever sold by the county treasurer in satisfaction of any installment of special assessment. The trial court was correct in holding under the decision of the Circuit Court of Appeals for the Eighth Circuit, in Moore, Co. Treas., v. Otis, 275 Fed. 747, and the decisions of this court, that the resale tax deed based upon a prior sale for ad valorem taxes did not cancel the special assessment liens existing against the property. In the case of McGrath v. Oklahoma City, 156 Okla. 34, 9 P. (2d) 711, this court held that if the tax sale is alone for delinquent ad valorem taxes, a lien for those taxes is discharged by the sale and a special assessment lien is not affected thereby. We reaffirm that holding.

The plaintiff purchased this property by warranty deed containing a covenant against incumbrances. After he had purchased it he found that the title was defective and that it was subject to various liens. In order to clear the title to his property he was required to expend the amount of money for which he recovered judgment. The defendants attempted to defeat his claim by showing that the special assessment liens had been canceled by the issuance of a resale tax deed. Their evidence did not support that contention.

We find no error in the judgment of the trial court, and it is in all things affirmed.

RILEY, CULLISON, SWINDALL, Mc-NEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and HEFNER, J., absent.