## OKLAHOMA CITY v. VAHLBERG, County Treas.

No. 29186.     May 2, 1939.

A. L. Jeffrey, Municipal Counselor, and Leon Shipp, Assistant Municipal Counselor, both of Oklahoma City, for plaintiff in error.

Lewis R. Morris, County Atty. of Oklahoma County, and B. C. Logsdon, Asst. County Atty., for defendant in error.

HURST, J.     This is an appeal from a judgment denying an application for an injunction to restrain a tax resale for delinquent paving assessments. The validity

of the resale in so far as it is for delinquent ad valorem taxes is not questioned.

The injunction was sought by the city of Oklahoma City, intervening in an action by certain bondholders against the county treasurer of Oklahoma county. The action by the bondholders is not involved herein. The county treasurer filed his answer to the city's petition in intervention and the case was tried largely upon stipulated facts.

From the judgment denying the injunction, the city brings this appeal.

1. No objection was made in the court below to the right of the city to maintain this action, but before we can proceed further with the determination of the issues herein involved we must observe the city's position in this matter. It is admitted by both parties that the paving assessments were levied against about 90 per cent. of the property sought to be sold, and became delinquent after 1923, and that as to the remaining property, the installments for paving assessments became delinquent prior to that date, the notice of resale showing that some installments became delinquent as far back as 1912.

Section 640, Rev. Laws 1910, and sections 4 and 5, ch. 48, S. L. 1919, were construed together in Runnels v. City of Oklahoma City (1931) 150 Okla. 292, 1 P.2d 740, and it was held that the city had a "special interest" in, or "lien" on, the property to the extent of all penalties for delinquent paving assessments and interest on assessments over and above the rate charged on the face of the paving bonds, which "lien" vested when the assessment installments became delinquent.

Section 640, Rev. Laws 1910, and section 5, ch. 48, of the 1919 law were repealed in 1923, leaving in force section 4 of the 1919 act, which has remained the law, being reenacted in 1925.

Section 4 (sec. 6249, O. S. 1931, 11 Okla. St. Ann. sec. 114) provides:

"All penalties for delinquent taxes, including penalties on special assessments and interest on bonds for paving or other special assessment bonds, over and above the amount specified in the face thereof, shall be and become the property of the city and shall be collected by the county treasurer, it being the intent of this provision to have such penalties go to the street repair fund of cities of the first class."

At the same time the Legislature enacted section 25, ch. 173, S. L. 1923 (sec. 6236, O. S. 1931, 11 Okla. St. Ann. sec. 105), which provides in part:

"In case any installment or interest is not paid when due, the installment so matured and unpaid and the unpaid interest thereon shall draw interest at the rate of twelve per cent. (12%) per annum from maturity until paid, except as hereinafter otherwise provided. All assessments and interest, whether collected by the city or town or county treasurer, shall be paid to the city or town treasurer, who shall keep the same in a separate special fund for the purpose of paying the bonds and interest coupons thereon, issued against such assessments, and after the payment of all bonds and interest thereon, any surplus remaining in said fund shall be used for the purpose of repairing and maintaining any improvement for which assessments have been levied and for no other purpose whatsoever."

Construing these sections together, it will be observed that the city has no right to the penalties and interest until after all bonds are fully paid. See Straughn v. Berry (1937) 179 Okla. 364, 65 P.2d 1203. The additional interest over that specified in the bonds is itself in the nature of a penalty, and we held in City of McAlester v. Jones (1937) 181 Okla. 77, 72 P.2d 371, contrary to the language employed in the Runnels Case, that the city's right to penalties is not a vested right. Therefore since 1923, the city has merely a contingent special interest not accruing until all bonds with interest thereon have been fully paid. This right of the city is not contractual and is not protected by either the contract clause or the due process clause of the state or federal Constitutions. It is by virtue of this special interest that the city seeks to enjoin this resale.

It is suggested that the city is the agent of the bondholders. It is true that the law imposes upon the city the governmental duty of collecting the special assessments, but also upon its failure to do so, the law imposes such duty upon the county treasurer.

The city is not the agent or representative of the bondholders in this action, so that it has the contractual rights of such bondholders. As to their own rights, the bondholders are the real parties in interest. Section 142, O. S. 1931 (12 Okla. St. Ann. sec. 221).

2. It is contended that under the 1923 law, being the law under which the city's rights accrued as to some 90 per cent. of the property involved herein, the county treasurer has no jurisdiction to sell such property at a tax resale for delinquent pav-

ing assessments or other special assessments, but that an action by the bondholders to foreclose their liens in the district court under section 29, ch. 173, S. L. 1923 (sec. 6240, O. S. 1931, 11 Okla. St. Ann. sec. 107), is the exclusive. remedy. The parties in their oral argument and their briefs did not discuss any special assessments other than paving assessments and we shall limit our consideration to the right to sell property at resale for delinquent paving assessments.

It is apparently not questioned that under the 1910 law the county treasurer had the right at resale to sell property for delinquent paving assessments together with delinquent ad valorem taxes. See Prince v. Ypsilanti Sav. Bank (1929) 140 Okla. 131, 282 P. 282. Also, it is undoubted that the 1919 law expressly gave the county treasurer the right to include delinquent paving assessments in the resale. Sections 5 and 6, ch. 130, S. L. 1919, in substance provided that where a county buys in land for delinquent taxes at the original tax sale, and after the lapse of two years therefrom has a resale of the property so purchased by the county, the tax deed issued at the resale shall have the effect of canceling all taxes, "including paving taxes," previously existing against the property sold. Our consideration is limited to the construction of the laws enacted in 1923, and we shall consider the construction of prior laws only in so far as they may aid in determining the intent of the Legislature in enacting the 1923 law.

It is the city's contention that after the passage of the 1919 law the United States Circuit Court of Appeals in Moore v. Otis (1921)) 275 Fed. 747, which was an action brought by the holders of certain municipal bonds stipulating that the holders thereof should have a lien against the property assessed for improvements, declared the law unconstitutional in that it impaired the obligation of contracts, since the law under which the bonds were issued guaranteed an equality of liens continuing until the bonds were fully paid. That, with this case before it, the Legislature struck out any reference to special assessments in the 1923 resale law, intending that property should not be sold for special assessments because of such constitutional inhibition with respect to bondholders. It is further pointed out that in Perryman v. City Home Builders (1926) 121 Okla. 150, 248 P. 605, following the federal case, this court held that a resale tax deed issued pursuant to the 1923 law did not extinguish certain delinquent paving, grading, and sewer assessments, for the rea-

son that to do so would destroy the contractual rights of the bondholders. However, subsequently, in McGrath v. Oklahoma City (1932) 156 Okla. 34, 9 P.2d 711, it was held that a resale tax deed issued pursuant to the 1923 law extinguished the lien of special assessments to the amount of the delinquent assessment for which the sale was made. In that case the court limited and modified the rule stated in Perryman v. City Home Builders, supra. The McGrath Case was followed in Criswell v. Hart (1932) 155 Okla. 159, 8 P.2d 70. It is pointed out in the McGrath Case that the statute in force at the time the bonds were issued provided that property should be sold for nonpayment of delinquent installments in the manner provided for the sale of property for ad valorem taxes, which was as much a part of the contract as the statute providing that the lien shall continue until paid. But we are not now called upon to pass upon the constitutionality of the 1923 law in so far as it affects contractual rights of bondholders, because there are no bondholders here complaining. As above pointed out, the city has no contractual rights. The case of Runnels v. City of Oklahoma City, supra, in so far as it held that the "lien" or special interest of the city for the amount of the penalties and additional interest over that provided in the bonds was not extinguished by the issuance of a resale tax deed, is not in point here, for it appears that there the property was sold at the original sale for delinquent ad valorem taxes only. Courts will not assume to pass upon constitutional questions unless properly before them. 11 Am. Jur. 720.

Our duty now is one of statutory construction. In view of the decisions of this court sustaining the validity of the sale of property for special assessments together with ad valorem taxes, whatever doubt may have been cast upon such right by the federal court construing the federal Constitution, it cannot be said to conclusively establish that the Legislature did not intend the 1923 law to permit such resale. The provisions of the statutes themselves must govern.

Chapter 158, S. L. 1923 (secs. 12755, 12756, O. S. 1931, 68 Okla. St. Ann. secs. 414, 415), provides for the resale of property for delinquent taxes. It is true that it does not specifically mention special assessments. However, at the same session of the Legislature at which chapter 158, S. L. 1923, was enacted the Legislature also passed chapter 173, S. L. 1923, dealing with street

improvements. It was there provided that the city or town clerk shall certify the delinquent paving installments to the county treasurer, "which installment and interest shall be by said county treasurer placed upon the November delinquent tax list of the same year prepared by the treasurer of said county, and collected as other delinquent taxes are collected." We think this provision, read in connection with the provisions of chapter 158, renders the delinquent paving assessments "taxes" within the meaning of chapter 158 and authorizes the county treasurer to collect them by sale and resale as other delinquent taxes are collected.

It is argued that, since the provision above quoted authorizes the county treasurer to place the delinquent assessments upon the November delinquent tax list, his authority to sell is limited to the November, or original, sale, and he has no authority to sell at the April resale, and that if he does not collect the delinquent assessments at the original sale, his authority ends, and the only remedy is that of a bondholder to foreclose his lien in the district court as authorized by the next section (section 29, ch. 173, S. L. 1923). However, we do not think the provision that the delinquent assessments shall be collected as other delinquent taxes are collected can be so limited. Other delinquent taxes, where the county bids in the property at the original sale for lack of bidders, and no one purchases the certificate from the county, can be collected only by resale. We hold, therefore, that the remedy of the bondholders under section 29, chapter 173, S. L. 1923, is cumulative.

In Perryman v. City Home Builders, supra, in speaking of chapter 158, S. L. 1923, this court said: "The state by said act did not undertake to provide any means or procedure to take care of the special assessments or installments due for improvements thereon." And again it was said: "As will be seen from this section, there is no specific provision made, as in the 1919 resale law, for canceling previous special assessments for improvements." But the court there failed to take into consideration chapter 173, S. L. 1923, and the statements there made, being contrary to the views herein expressed, are expressly disapproved.

3. The city further contends that the county treasurer has no jurisdiction to sell the property at resale for delinquent paving assessments because it affirmatively appears that the property involved was purchased by the county at the original sale for delinquent ad valorem taxes only. It is conceded that unless the property was purchased at original sale for paving assessments as well as ad valorem taxes, it cannot be sold at resale for paving assessments. See McGrath v. Oklahoma City, supra; Criswell v. Hart, supra; Boles v. Aikman (1932) 157 Okla. 172, 11 P.2d 479; Service Feed Co. v. City of Ardmore (1935) 171 Okla. 155, 42 P.2d 853. It is stipulated that at the original sale the property was advertised for both delinquent ad valorem taxes and paving assessments. The returns of the original sales recite that "taxes" for certain years and "special taxes" for certain years being delinquent, the county treasurer bid off the property in the name of the county for the amount of taxes, interest, penalty, and costs for the reason that there was no other bidder offering the amount so due and unpaid. In Phelps v. Asplund (1938) 184 Okla. 310, 87 P.2d 134, we held that "when no bidders are present at the opening of the sale, and none appear during the day, the sale should be closed. The properties are by operation of law—automatically—sold to the county."

But the argument of the city is that the stipulation of facts discloses that after the county treasurer purchased the property at the original sale, he issued redemption certificates and tax sale certificates upon the payment of the ad valorem taxes alone, and that this is affirmative evidence showing that the land was purchased by the county treasurer for ad valorem taxes only. As further evidence that the property was not sold for paving assessments, the city calls attention to the fact that the paving tax rolls and special assessment rolls fail to show any notation of sale. No statute is referred to requiring such notation, and there is no contention that its absence renders the original sale void. Since the property was sold—automatically—by operation of law where no bidders appeared, and it is undisputed that there were none, the acts of the county treasurer thereafter and the failure to make the notation referred to are immaterial.

4. It is further argued that the published notice of the resale sought to be enjoined is insufficient to give the county treasurer jurisdiction to make the sale because the date of the original sale is not sufficiently given, and the notice shows no date for the original sale of the paving assessments.

The date of the original sale is shown in the following manner throughout the published notice, for example:

| Name Lt Blk. | Month & Year Sold. | Tax, Pen. & Costs. |
|---|---|---|
| Bryan, James S. | | |
| Gen. 1931-34, | 11-35, | $741.11 |
| Pav. 1931-36, | ——— | 351.87 |
| Total | | 1092.98 |

It will be observed that the month and year of the original sale are given in the abbreviation commonly used, signifying November, 1935. The day of the month is omitted. But since it appears that more than two years has expired from the last of November, 1935, to the date of the proposed resale, we think the failure to give the day of the month is at most an irregularity. We think the date of the original sale as given in the notice obviously refers to both ad valorem taxes and paving assessments. We hold that the form of notice used is a substantial compliance with the statute. Section 12754, O. S. 1931 (68 Okla. St. Ann. sec. 413).

'Since the city has shown no lack of jurisdiction in the county treasurer to sell the property at the resale for paving assessments as well as ad valorem taxes, and there is no showing that the city's rights will be unlawfully prejudiced, it has not shown itself entitled to injunctive relief. Phelps v. Asplund, supra.

Judgment affirmed.

WELCH, V. C. J., and CORN, GIBSON, and DAVISON, JJ., concur. BAYLESS, C. J., and RILEY, OSBORN, and DANNER, JJ., absent.