LEMEN v. BOARD OF COUNTY COM'RS OF GARFIELD COUNTY et al.

No. 31272.   May 29, 1944.

*149 P. 2d 258.*

Wilson & Wilson, of Enid, for plaintiff in error.

Carl Kruse, of Enid, for defendants in error.

HURST, J. This is an action by the plaintiff, R. A. Lemen, against the board of county commissioners and county treasurer of Garfield county, the city of Enid, Roqua M. Strickler, Jakeita June Strickler, Jakeita June Richard and Emma Cole as defendants, to quiet title to a vacant lot in the city of Enid. Lemen claims title under a deed issued pursuant to the April, 1936, tax resale. At the time of the resale there was due against the lot ad valorem taxes for 1909, 1913, and from 1915 to 1935, ten paving assessment installments due from 1923 to 1932, three sewer assessment installments due for the years 1922, 1923, and 1924, and three sidewalk installments due for 1929, 1930, and 1931. The total amount of ad valorem taxes and special assessments due was $2,331.25. The lot was sold at the resale for $307. The resale was based upon the 1932 delinquent tax sale. The resale notice specified that the property would be sold for ad valorem taxes, paving assessments, sewer assessments, and sidewalk assessments, and stated the years for which the same were delinquent and unpaid. It did not specify the amount of each, but stated that the total amount of all was $2,331.25.

The lot was advertised and sold at the 1930, 1931, and 1932 delinquent tax sales, and there being no bidder offering the amount due, it was, by operation of law, sold to the county at each of said sales. The notices recited that the property to be sold at said sales would be sold for ad valorem taxes, paving assessments, and sewer assessments, but they did not mention sidewalk installments. The notices specified the amount of pavement assessment installments that were due. In the notices, the amounts of the sidewalk installments were included in the item with ad valorem taxes, and were referred to as "taxes." Thus the 1932 notice specified that the amount of such taxes, other than the paving installment, due against the lot was $46.16, which was the correct amount of ad valorem taxes, sidewalk installment, and penalties due and delinquent for that year. The sidewalk installments were shown on the tax rolls with the ad valorem taxes and were listed as "special tax" and the amount due each of the three years was noted.

It appears from the testimony that the defendant Roqua M. Strickler owned the lot at the time it was sold in 1936 at the resale. At the time this suit was filed she owned one of the unpaid paving bonds (No. 9 in a series of 14, the first six having been paid) against the district in which the lot is located, and she also owned the sidewalk tax warrant against said lot. In her answer she set up her rights under the paving bond and sidewalk tax warrant and alleged that her rights thereunder were superior to the title of plaintiff.

The trial court decreed that the tax deed was valid and quieted title as against all defendants except as to the sidewalk tax lien. The court decreed that said lien was not affected by the resale and that plaintiff's title is subject to such lien. Lemen appeals. None of the defendants filed a cross-appeal. Only the defendant Roqua M. Strickland filed a brief.

The sole question presented is whether the sidewalk tax lien was extinguished by the resale tax deed. The validity of the resale tax deed is not otherwise questioned.

The defendant argues that the lot could not legally be sold at the resale for the delinquent sidewalk assessment since it was not advertised at the delinquent tax sales for the installments due on such sidewalk assessment. She relies upon our prior decisions having to do with paving assessments, such as McGrath v. Oklahoma City, 156 Okla. 34, 9 P. 2d 711, Criswell v. Hart, 155 Okla. 159, 8 P. 2d 70, Oklahoma City v. Vahlberg, 185 Okla. 28, 89 P. 2d 962, and Board of Com'rs of Seminole Co. v. City of Wewoka, 191 Okla. 142, 127 P.

2d 826. It does not appear in those cases that the amounts due on paving assessment installments were included in the total amounts for which the properties were advertised and sold at the delinquent tax sales, as in the instant case. The error here in the delinquent tax sale notices was in not specifically reciting that part of the tax for which the lot was being advertised and sold was sidewalk tax.

11 O. S. 1941 § 206, which authorizes the sidewalk assessment, provides that the sidewalk assessment is "to be collected as other taxes" and "shall be a charge and a lien against the property upon which assessed until fully discharged." It is silent on the question as to whether it is inferior to, equal to, or superior to, the ad valorem tax lien. The rule is that special special assessment liens are inferior to ad valorem tax liens unless the statutes provide otherwise. Nix v. Reynolds, 193 Okla. 15, 141 P. 2d 86. It follows that the sidewalk assessment lien is inferior to the ad valorem tax lien.

Since the amount due on the sidewalk assessment was included in the amount for which the lot was actually advertised and sold at both the delinquent tax sales and the resale, the failure to specifically recite in the delinquent tax sale notices that part of such amount represented the amount due on the sidewalk assessment is immaterial. The lot was actually sold for the sidewalk assessment.

The cases relied upon by the defendant are not in point because (1) they involved coequal liens, not inferior liens as in the present case, and (2) it does not appear that in those cases the property was actually advertised and sold at the delinquent tax sale for an amount equal to the ad valorem taxes and special assessments, as in the present cases.

The effect of the resale tax deed was to extinguish the inferior sidewalk assessment lien. Nix v. Reynolds, above.

We thus give effect to that part of O. S. 1931 § 12756, in force when the resale was conducted, that the resale deed "shall contain a provision expressly cancelling and setting aside all delinquent taxes, penalties, interest and costs previously assessed or existing against said real estate, including ad valorem and outstanding individual and county tax sale certificates, and such deed shall vest in the purchaser and grantee of said real estate an absolute and perfect title in fee simple to said land." Since the sidewalk assessment is to be collected as "other taxes," it constitutes "delinquent taxes" as that term is used in the quoted statute, and it was canceled by the resale deed.

Judgment reversed, with directions to enter judgment for the plaintiff quieting his title to said lot and canceling said sidewalk assessment lien.

CORN, C. J., and OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. GIBSON, V. C. J., dissents.